Donald Edwin ROSS, Appellant,

v.

The STATE of Texas, Appellee.

No. 09–92–154 CR.

Court of Appeals of Texas,
Beaumont.

Aug. 25, 1993.

Discretionary Review Refused
Nov. 19, 1993.

Christine R. Brown, Orange, for appellant.

John D. Kimbrough, Orange County Atty.,
Allison Fletcher, Asst. County Atty., Orange,
for State.

Before WALKER, C.J., and
BROOKSHIRE and BURGESS, JJ.

## OPINION

WALKER, Chief Justice.

This is an appeal from a conviction for the felony offense of Aggravated Robbery. Appellant was found "guilty" by a jury but elected to have the trial court assess punishment. Appellant pleaded "true" to two enhancement allegations which raised his punishment exposure to that of an habitual offender. The trial court assessed appellant thirty (30) years' confinement in the Institutional Division of the Texas Department of Criminal Justice. Appellant requests our consideration of four points of error, viz:

Point 1: The evidence is insufficient to support the conviction.

Point 2: The trial court abused its discretion in failing to grant appellant's motion for new trial.

Point 3: The appellant was not granted effective assistance of counsel as provided for in the 6th Amendment of the U.S. Constitution.

Point 4: The trial court erred in overruling appellant's objection that the photographic lineups should not be admissible due to the fact that the individuals used in the lineup were not similar enough to the description of the suspect and thus were suggestive.

■ Although appellant's first point of error complains of the lack of evidence to support the conviction, a detailed rendition of the facts is not in order as appellant concentrates his argument on the specific issue of lack of identity of appellant as the perpetrator of the robbery. The record reflects that there were two eyewitnesses to the robbery which occurred at the Texaco Star Stop # 1 in Orange on November 23, 1991. The State elicited testimony from both witnesses, Kathy Mendoza, the clerk on duty at the time of the robbery, and Juleia Domingue, an assistant clerk who was located near the beverage coolers when the robbery occurred. The record reflects that throughout their testimony, which included some very vigorous and heated cross-examination questions regarding the identity of the perpetrator, both Ms. Mendoza and Ms. Domingue steadfastly maintained that it was appellant who committed the robbery. Both women positively identified appellant in court as the perpetrator of the robbery. Indeed, Ms. Domingue's testimony included the fact that she had seen appellant in the store earlier on the day of the robbery and was able to describe his appearance down to the color of his eyes.

■ The argument contained in appellant's brief under this point of error notes a variety of discrepancies in the testimony of Ms. Mendoza as compared to the testimony of Ms. Domingue. Portions of testimony from the State's third witness, Dan Robertson, police chief of the city of Pinehurst, are also used by appellant to point out possible inconsistencies in the women's testimony. The long established rule in Texas, however, is that the jury is the exclusive judge of the facts proven, the credibility of the witnesses, and the weight to be given to their testimony. *See*, TEX.CODE CRIM.PROC.ANN. art. 38.04 (Vernon 1979); *Sharp v. State*, 707 S.W.2d 611 (Tex.Crim.App.1986), *cert. denied*, 488 U.S. 872, 109 S.Ct. 190, 102 L.Ed.2d 159 (1988); *Hudson v. State*, 418 S.W.2d 813 (Tex.Crim.App.1967). Texas law further provides that a jury may believe a witness even though the witness's testimony has been contradicted; and that a jury may accept any part of a witness's testimony and reject the rest. *Sharp, supra*, 707 S.W.2d at 614; *Jackson v. State*, 505 S.W.2d 916 (Tex.Crim. App.1974).

In reviewing this point, we must view the evidence in the light most favorable to the verdict in determining whether a rational trier of fact could have found the essential elements of the offense proven beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); *Geesa v. State*, 820 S.W.2d 154 (Tex. Crim.App.1991). Under *Jackson v. Virginia*, the jury is permitted to resolve conflicts in the testimony, weigh the evidence, and draw reasonable inferences from basic facts to ultimate facts. A verdict resulting from said process must stand unless it is found to be irrational or unsupported by the evidence, with such evidence viewed under the light most favorable to the verdict. *Moreno v. State*, 755 S.W.2d 866, 867 (Tex.Crim.App. 1988). We find that based upon the strength of Ms. Mendoza's testimony alone, any rational trier of fact could have found each element of the offense, including appellant's identity as the robber, proven beyond a reasonable doubt. Point of error one is overruled.

■ Appellant's second point of error centers on the contention that, following his conviction, appellant was told by a fellow jail inmate, Tommy Johnson, that another inmate, Oliver Dindore, confessed to Johnson that he (Dindore) had committed a robbery with a knife at a "Star Stop Store." Appellant complains that the trial court clearly abused its discretion in denying appellant's motion for new trial at the close of testimony of the hearing on said motion. On this issue, the record reflects that Johnson, Dindore,

and appellant testified at the hearing.[1] The record further reflects that Dindore flatly denied admitting his complicity in any robbery, other than the robbery out of Jefferson County for which he (Dindore) was incarcerated at the time, to Johnson or anyone else. Dindore further stated that appellant's trial attorney interviewed him prior to March, 1992, at which time Dindore told appellant's counsel that he (Dindore) did not commit the November 23, 1991 robbery of the Texaco Star Stop in Orange.[2]

Johnson's testimony essentially contradicted that of Dindore's. Johnson stated that, while describing the disposition of several robbery charges against him, Dindore told Johnson that the authorities did not charge Dindore with one of the robberies, "the aggravated one." Johnson further testified that Dindore admitted using a knife and that the robbery occurred at a "Star Stop Store."

■ In *Meriwether v. State*, 840 S.W.2d 959, 962 (Tex.App.—Beaumont, 1992, pet. ref'd), we construed TEX.R.APP.P. 30(b)(6), which replaced TEX.CODE CRIM.PROC.ANN. art. 40.03 (repealed) as the standard by which motions for new trial were to be considered, to be composed of only two prongs: (1) the evidence must be newly discovered, and (2) the evidence must be favorable to the accused. Another matter that must be considered in our review of such hearings, especially in light of the backgrounds of witnesses Dindore, Johnson, and appellant in the instant case, is that of witness credibility. It is somewhat axiomatic that the credibility of witnesses is left to the determination of the factfinder. In a hearing on a motion for new trial this determination is for the trial court. *See Etter v. State*, 679 S.W.2d 511, 515 (Tex. Crim.App.1984); *Todd v. State*, 601 S.W.2d 718, 721 (Tex.Crim.App.1980). In the instant case, while it appears that the witness John-

son was not known to appellant prior to being convicted, and that the gist of Johnson's testimony is favorable to appellant's basic defense of alibi, we cannot find a clear abuse of discretion on the part of the trial court in light of the conflicting nature of the testimony on this issue in the motion for new trial hearing coupled with the trial court's knowledge of the prior felony criminal histories of both Johnson and appellant. Simply put, the trial court had every right not to believe the testimony of Johnson and appellant.[3] Point of error two is overruled.

■ Appellant's third point of error complains of ineffective assistance of trial counsel in that counsel failed to bring forth witnesses Oliver Dindore and Star Callahan at trial. Specifically, appellant argues in his brief as follows:

"Appellant testified on the stand that his counsel had knowledge of these witnesses. There was a clear reason to bring forth these witnesses and have their testimony heard. Their testimony lends credence to defense witnesses that state that the Appellant was at his stepdaughter's home the entire evening in question. Appellant would assert that counsel's failure to call these witnesses to the stand during trial was such deficient performance as to meet the first prong set forth in *Strickland.*"[4]

We find appellant's contentions under this point of error disingenuous to say the least. The record reflects the following testimony by appellant during the hearing on the motion for new trial:

Q. (the State) Ms. Callahan and Mr. Dindore, they were never called as witnesses, but they had all this material and information which may have helped your case, right?

A. (appellant) Are you asking me?

1. None of these men testified at trial.

2. The record reflects that this interview took place at least one month prior to the start of appellant's trial on the instant offense.

3. The need for such a "factoring-in" by appellate courts of the factfinder's weighing of witness credibility appears significant based on language contained in *Herrera v. Collins*, 506 U.S. ——, 113 S.Ct. 853, 122 L.Ed.2d 203 (1993), which

observed: "In the new trial context, motions based solely upon affidavits are disfavored because the affiants' statements are obtained without the benefit of cross-examination and an opportunity to make credibility determinations." *Id.*, 506 U.S. at ——, 113 S.Ct. at 869, 122 L.Ed.2d at 227.

4. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

Q. I'm asking you. They weren't called as witnesses. Right?

A. We couldn't get them to show up. We couldn't get Alanda Star Callahan to show up.

Q. You couldn't get Mr. Dindore to show up?

A. I didn't figure it would do any good to have him in here. I figured he was going to lie.

\* \* \* \* \* \*

Q. Did you or your attorney ask for a subpoena to be issued for Ms. Callahan?

A. Yes, sir, for this hearing.

Q. No, I mean for the trial.

A. No, sir. I figured she was going to show up on her own.

By his own testimony, appellant "figured" that neither Dindore nor Callahan would aid his defense at trial. The state of the record before us indicates that appellant probably figured right. Indeed, the record reflects that appellant's trial counsel visited Dindore in jail approximately one month prior to trial and was told by Dindore that he (Dindore) did not commit the Texaco Star Stop robbery. Trial counsel certainly had no duty to call Dindore to the stand under those circumstances. Furthermore, the record indicates that a trial strategy avoiding any reference to Dindore was probably the better strategy as Dindore's written statement, admitted into evidence during the motion for new trial hearing, reflected that appellant and Dindore participated in a live line-up approximately two weeks before the trial began. At this line-up, Ms. Mendoza picked appellant out as the perpetrator of the robbery. At any rate, our examination of the record provides absolutely no support for appellant's allegations of ineffectiveness of his trial counsel. *Strickland*'s "deficient performance" prong has not been met. Point of error three is overruled.

■ Appellant's final point of error complains that two photographic lineups should not have been admitted at trial because "the individuals used in the lineup (sic) were not similar enough to the description of the suspect and thus were suggestive." An important fact of which we take note at the outset

is that the record reflects no objection raised by appellant either pretrial or during the trial of either Ms. Mendoza's or Ms. Domingue's *in-court* identification of appellant as the robber. We find no complaint by appellant to the trial court that either witness's identification of appellant was tainted by overly suggestive pretrial procedures on the part of the authorities. The record reflects that both Ms. Mendoza and Ms. Domingue were permitted to identify appellant during direct examination by the State. It was only during the testimony of Chief Robertson which followed that of Ms. Mendoza and Ms. Domingue that appellant objected to the State's tender of the photo spreads. The trial court overruled appellant's objection.

On appeal, appellant's argument attempts to turn the issue into one of tainted or suggestive *pretrial* identification procedures. We reiterate that this was simply not the basis for the objection at trial. The trial objection, as we appreciate it, was simply limited to the physical items (the two photo spreads) themselves. The reasoning appellant's trial attorney expressed for his objection was "that the pictures just aren't similar enough to overweigh (sic) a tainted identification in this case." Yet our examination of the record reveals that this is the first mention of any sort of taint with regard to appellant's identification. We find this point controlled by the discussion in *Perry v. State*, 703 S.W.2d 668 (Tex.Crim.App.1986).

In *Perry*, the Court of Criminal Appeals held that while an accused has a due process right to identification procedures, either out-of-court or in-court, which are as fair and reasonable as possible, said right is waived for purposes of appeal where the accused fails to object to identification at trial without cause, justification, or excuse. *Perry*, 703 S.W.2d at 670. We further find that the basis for appellant's objection at trial differs from the basis of his complaint on appeal. As such, appellant has preserved nothing under point of error four for review. *Sterling v. State*, 800 S.W.2d 513, 521 (Tex.Crim. App.1990), *cert. denied*, — U.S. —, 111 S.Ct. 2816, 115 L.Ed.2d 988 (1991). Point of

error four is overruled, and the judgment and sentence of the trial court are affirmed.

AFFIRMED.