**Robert Lee PEARSON, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 04–96–00866–CR.**

Court of Appeals of Texas, San Antonio.

Jan. 28, 1998.

Rehearing Overruled May 26, 1998.

Kathy Colvin, San Antonio, for appellant.

Barbara Hervey, Asst. Criminal Dist. Atty., San Antonio, for appellee.

Before RICKHOFF, LÓPEZ and DUNCAN, JJ.

## OPINION

RICKHOFF, Justice.

Robert Lee Pearson appeals from a judgment adjudicating him guilty of burglary of a habitation and sentencing him to confinement for sixty years. For the reasons explained below, we dismiss in part and reverse and remand in part.

### FACTUAL AND PROCEDURAL BACKGROUND

In 1993, pursuant to a plea bargain, Pearson pled nolo contendere to burglary of a habitation. The trial court deferred adjudicating him guilty and placed him on probation for seven years. Thereafter, he was charged with capital murder. In September 1996, a jury acquitted him of that charge. The State filed a motion to enter an adjudication of guilt and revoke probation, asserting that Pearson violated his probation by committing acts related to the capital murder charge. The trial court granted the State's motion and sentenced Pearson to confinement for sixty years. Pearson appeals, raising four points of error.

### JURISDICTION

■ Pearson's second, third, and fourth points of error relate to the trial court's decision to adjudicate him guilty. In his second and third points, he asserts that he received ineffective assistance of counsel at the adjudication hearing because his attorney did not object to the admission of a transcription of testimony from the capital murder trial. Specifically, Pearson argues that the admission of the transcript violated the hearsay rule and his right to confront witnesses. In his fourth point, he asserts that the trial court abused its discretion in adjudicating him guilty and revoking his probation because the evidence did not establish that he violated a condition of his probation.

When the State alleges that a defendant has violated a condition of deferred adjudication probation, "[t]he defendant is entitled to a hearing limited to the determination by the court of whether it proceeds with an adjudication of guilt on the original charge. No appeal may be taken from this determination." TEX.CODE CRIM. PROC. ANN. art. 42.12, § 5(b) (Vernon Supp.1998). Pursuant to this statute, we do not have jurisdiction over Pearson's second, third, and fourth points of error. *See Phynes v. State,* 828 S.W.2d 1, 2 (Tex.Crim.App.1992) (under article 42.12, section 5(b), defendant may not appeal denial of right to counsel at adjudication hearing); *Drew v. State,* 942 S.W.2d 98, 99 (Tex.App.—Amarillo 1997, no pet. h.) (under article 42.12, section 5(b), appellate court had no jurisdiction to address appellant's argument that State failed to prove he violated a condition of probation); *Elizondo v. State,* 861 S.W.2d 294, 296 (Tex.App.—San Antonio 1993, no pet.) (under article 42.12, section 5(b), appellant was prohibited from complaining that he received ineffective assistance of counsel at adjudication hearing). Accordingly, we dismiss Pearson's second, third, and fourth points of error for lack of jurisdiction.[1]

### LACK OF PUNISHMENT HEARING

In his first point of error, Pearson argues that the trial court abused its discretion by sentencing him without conducting a punishment hearing. We have jurisdiction over this point of error. *See Issa v. State,* 826 S.W.2d 159 (Tex.Crim.App.1992).

In *Issa,* the trial court in one proclamation adjudicated the defendant guilty, revoked his probation, and assessed punishment. Our court of criminal appeals held that "when a trial court finds that an accused has committed a violation as alleged by the State and adjudicates a previously deferred finding of guilt, the court must then conduct a second phase to determine punishment." *Id.* at 161. The court further noted that the defendant did not object to the procedure followed by the trial court. But the court also recognized that because the trial court adjudicated the defendant guilty, revoked his probation, and sentenced him all in one breath, the defendant did not have an opportunity to make a contemporaneous objection. Accordingly, the defendant's timely filed motion for new trial was sufficient to preserve the error. *Id.*

In this case, as in *Issa,* the trial court did not conduct a separate punishment hearing after adjudicating Pearson guilty. Instead, like the trial court in *Issa,* the court adjudicated Pearson guilty, revoked his probation, and assessed his punishment in one proclamation. The court stated, "I am going to find you guilty of the original offense of burglary of a habitation, revoke your deferred adjudication by doing so and revoke your supervision. Having found you guilty, I am going to assess a 60-year term in the Texas Department of Corrections." Pearson did not make a contemporaneous objection, but, like the defendant in *Issa,* he raised the court's failure to conduct a separate punishment hearing in a timely motion for new trial. Pearson therefore argues that the judgment, at least insofar as it assesses punishment, must be reversed and the cause must be remanded for resentencing in accordance with *Issa.*

The State counters that the trial court's failure to follow the *Issa* procedure was harmless because Pearson had an opportunity to present evidence in mitigation of punishment. The record reflects that after the State finished presenting its evidence regarding Pearson's probation violation, the court asked defense counsel whether he had any evidence to offer on Pearson's behalf. Counsel then stated, "Robert Lee, do you have anything you

---

1. We recognize that Pearson obtained the trial court's permission to appeal. Accordingly, this appeal is not limited to the issues of jurisdiction and the voluntariness of the plea. *See* TEX.R.APP. P. 25.2(b)(3); *Flowers v. State,* 935 S.W.2d 131, 134 (Tex.Crim.App.1996) (holding that under Rule 40(b)(1), the predecessor to Rule 25.2(b)(3), a defendant who does not obtain the trial court's permission to appeal from a plea-bargained conviction may challenge the voluntariness of the plea, as well as jurisdictional issues); *Watson v. State,* 924 S.W.2d 711, 714 (Tex.Crim.App.1996) (holding that when a defendant receives deferred adjudication probation pursuant to a plea bargain, Rule 40(b)(1) limits the issues that can be raised in an appeal from the revocation of that probation). However, article 42.12, section 5(b) does not allow a defendant to escape its effect by obtaining the trial court's permission to appeal.

would like to address the Court on *regarding the sentencing?*" (emphasis added). Pearson was sworn as a witness, and his counsel questioned him regarding his desire to continue on probation. The defense then rested and the court asked for arguments. The State argued that Pearson should be sentenced to life imprisonment, while the defense argued that he should be continued on probation. In response to the court's request for a recommendation, the probation officer recommended that probation be revoked. The court then stated:

All right. Mr. Pearson, you have already testified on your own behalf. Is there anything you want to offer on your own behalf by way of allocution or arguments about what should happen on the disposition? Anything you want to tell me about what I ought to do on the—let's assume I revoke by virtue of your allegations, anything you want to offer on what the term may or may not be, should I continue you, some other sort of alternative sanctions, if I do find the allegation to be true, what term should I consider? Anything you want to offer on that?

Pearson responded, "Really all I would have to offer would be to get restored on probation." The court and Pearson engaged in a colloquy in which the court requested that Pearson explain why he had difficulty complying with the terms of his probation. When the colloquy ended, the court adjudicated Pearson guilty, revoked his probation, and assessed punishment.

The State points out that in *Issa,* the court of criminal appeals reasoned, " 'Fairness would dictate that a defendant be accorded an opportunity to offer appropriate evidence in mitigation of punishment after the revocation of probation and the adjudication of guilt and before the assessment of punishment *if such evidence has not already been elicited during the proceedings,* particularly if the defendant requests the opportunity.' " *Issa,* 826 S.W.2d at 161 (quoting *Duhart v. State,* 668 S.W.2d 384, 387 (Tex.Crim.App.1984)) (emphasis added). Here, Pearson testified regarding his desire to continue on probation. Moreover, when the court specifically inquired whether Pearson had anything else

to offer regarding punishment, neither Pearson nor his counsel indicated that they wished to present additional evidence in mitigation of punishment; Pearson simply reiterated his desire to continue on probation. The State thus takes the view that Pearson had an opportunity to present punishment evidence *before* he was adjudicated guilty. It therefore urges us to affirm the trial court's judgment.

We conclude that we are precluded from adopting the State's reasoning, appealing though it may be. Subsequent to its decision in *Issa,* the court of criminal appeals decided *Borders v. State. See* 846 S.W.2d 834 (Tex. Crim.App.1992). In *Borders,* immediately after stating it was going to find the defendant guilty, the trial court stated:

Now, I'm going to assess punishment at twenty years in the Institutional Division. If you'll stand, please.

Is there any reason why sentence shouldn't be pronounced?

*Id.* at 835. Defense counsel responded that there was none, and the court proceeded to sentence the defendant. The appellate court held that the defendant waived the right to present evidence at a separate punishment hearing because his counsel responded in the negative when asked if there was any reason why sentence should not be pronounced. The court of criminal appeals reversed, holding that while the trial court gave the defendant an opportunity to object to the pronouncement of sentence, it did not give him "any opportunity to present punishment evidence before the court imposed the sentence." *Id.* The court further held that although the defendant lodged no objection and made no request to offer punishment evidence at the hearing, he preserved his right to a separate punishment hearing by filing a motion for new trial. The court emphasized that the trial court must:

afford a defendant the opportunity to present evidence regarding punishment *after* it has found the particular defendant guilty.

As Appellant was entitled to present punishment evidence *after* the finding of guilt, he stood in the same position as the defendant in *Issa.* Consequently, defense counsel did not waive the right to present

punishment evidence by not objecting at trial. Raising the issue in a timely filed motion for new trial preserved the error for appellate review.

*Id.* at 835–36.

 Although Pearson, unlike the defendants in *Issa* and *Borders,* testified regarding his desire to continue on probation before he was adjudicated guilty, he was not given an opportunity to present punishment evidence after he was adjudicated guilty. Furthermore, comparing the facts of this case to the facts of *Borders,* we conclude that Pearson did not waive his right to present punishment evidence after the adjudication of guilt. In *Borders,* the court clearly indicated that it was about to sentence the defendant by asking him to stand and informing him of his right of allocution. Yet the court of criminal appeals held that the defendant did not waive his right to a separate punishment hearing by not requesting to present evidence at that time. Here, the trial court informed Pearson of his right of allocution and asked him of he had anything to say regarding what his sentence should be *if* he were adjudicated guilty. The court did not indicate that Pearson would not be allowed to present testimony from others after the adjudication of guilt. The court then immediately adjudicated him guilty, revoked his probation, and sentenced him in one proclamation. Pearson thus had no more of an opportunity to object to the lack of a separate punishment hearing than did the defendants in *Issa* and *Borders.* Furthermore, Pearson, like the defendants in *Issa* and *Borders,* filed a motion for new trial, in which he asserted his right to a separate punishment hearing. We therefore conclude that Pearson was improperly sentenced without being given an opportunity to present punishment evidence after the adjudication of guilt and that Pearson preserved this error by filing a motion for new trial.

### CONCLUSION

We dismiss Pearson's second, third, and fourth points of error; we reverse the trial court's judgment insofar as it assesses pun-

ishment; and we remand for resentencing in accordance with *Issa v. State.*