TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-01-00599-CR






Michael Lopez, Appellant



v.



The State of Texas, Appellee







FROM THE DISTRICT COURT OF TRAVIS COUNTY, 147TH JUDICIAL DISTRICT


NO. 97-3947, HONORABLE WILFORD FLOWERS, JUDGE PRESIDING







 Appellant Michael Lopez appeals his conviction in a bench trial for aggravated sexual
assault of a child. See Tex. Pen. Code Ann. § 22.021(a)(1)(B)(i) (West Supp. 2002). Appellant's
punishment was assessed by the trial court at twelve years' imprisonment. This appeal is another
case spawned in troubled waters left in the wake of Issa v. State, 826 S.W.2d 159 (Tex. Crim. App.
1992), holding that a defendant is entitled to a separate hearing on punishment following revocation
of a deferred adjudication "probation."


Points of Error

 Appellant advances two points of error. First, appellant contends that he was entitled
to but denied a separate hearing on punishment after the trial court "revoked" his deferred
adjudication and proceeded to an adjudication of guilt. Second, appellant claims that he was denied
the effective assistance of counsel when his trial counsel did not secure his right to a separate
punishment hearing. We will affirm the conviction.


Background

 After the presentation of appellant's indictment, his case was transferred by court
order to a criminal law magistrate for Travis County. See Tex. Gov't Code Ann. §§ 54.971-54.984
(West 1998 & Supp. 2002). This action was apparently taken under section 54.946, which provides
in part for a transfer for "(1) a negotiated plea of guilty and sentencing." Tex. Gov't Code Ann.
§ 54.946 (West 1998). On February 11, 1998, appellant waived trial by jury and entered a guilty plea
to the offense of aggravated sexual assault of a child. Appellant was duly admonished of the
consequences of his plea, and evidence was heard. The magistrate recommended to the district court
that the finding of guilt be deferred and appellant placed on deferred adjudication probation. See
Tex. Code Crim. Proc. Ann. art. 42.12, § 5(a) (West Supp. 2002).

 On March 3, 1998, the district court adopted the findings, conclusions, and
recommendations of the magistrate. On April 27, 1998, the district court signed an order dated April
22, 1998, which placed appellant on deferred adjudication "probation" for eight years subject to
certain conditions.

 On September 19, 2001, the trial court heard the State's amended motion to proceed
to adjudication of guilt. After hearing the evidence, the trial court adjudicated guilt and assessed
punishment at twelve years' imprisonment. On December 17, 2001, appellant's motion for new trial
was overruled after a hearing. 


Deferred Adjudication, Issa, its Progeny

and the Preservation of Error

 Appellant acknowledges that he did not request a separate hearing on punishment or
object to the lack of such hearing after the trial court proceeded to an adjudication of guilt. He
complained of the absence of a bifurcated procedure for the first time in his motion for a new trial. 
Relying upon Issa, 826 S.W.2d at 161, appellant claims he was entitled to a separate punishment
hearing and that the complaint lodged in his motion for new trial was sufficient to preserve error. 
Appellant's contention causes us to examine the deferred adjudication type of clemency as it applies
to him.

 Deferred adjudication of guilt "is a constitutional form of 'probation' under the terms
of Article III, § 1 of the State Constitution, even though statutorily it is neatly tucked in Article
42.12, V.A.C.C.P., the enabling act for Article IV, § 11-A of the State Constitution, which provides
for a different type of probation." McNew v. State, 608 S.W.2d 166, 176 (Tex. Crim. App. 1978)
(op. on reh'g); see also 43A George E. Dix & Robert O. Dawson, Texas Practice: Criminal Practice
and Procedure § 39.14 (2d ed. 2001).

 The current statutory procedure is set forth in article 42.12, section 5. Tex. Code
Crim. Proc. Ann. art. 42.12, § 5 (formerly section 3d). In 1984, the same contention that appellant
raises was advanced in Duhart v. State, 668 S.W.2d 384, 386 (Tex. Crim. App. 1984). Relying in
part upon McNew, 608 S.W.2d at 174, and Jackson v. State, 628 S.W.2d 119 (Tex. App.--Beaumont
1981, pet. ref'd), the Duhart court held:


We observe that the statute, Article 42.12, Sec. 3d(b), V.A.C.C.P., does not mandate
a separate punishment hearing, nor can we conclude that due process of law nor the
due course of the law of the land is violated because such a separate hearing is not
accorded. Fairness would dictate that a defendant be accorded an opportunity to offer
appropriate evidence in mitigation of punishment after the revocation of "probation"
and the adjudication of guilt and before the assessment of punishment if such
evidence has not already been elicited during the proceedings, particularly if the
defendant requests the opportunity.



Duhart, 668 S.W.2d at 587 (emphasis added).

 In Issa, the court only quoted the "fairness" sentence from Duhart and then called
attention to the language in article 42.12, section 5(b) which provides: that "[a]fter an adjudication
of guilt, all proceedings, including the assessment of punishment, the pronouncement of sentence,
granting of probation, and defendant's appeal continue as if the adjudication of guilt had not been
deferred." Issa, 826 S.W.2d at 161. The Court of Criminal Appeals then added:


Thus, based on the statute, the defendant is entitled to a punishment hearing after the
adjudication of guilt, and the trial judge must allow the accused the opportunity to
present evidence. The trial court in the instant case erred in not so doing.



Id. (emphasis in original). The Issa court left no doubt that upon adjudication of guilt "the court
must then conduct a second phase to determine punishment." Id.

 Without question, the Issa court overruled Duhart and McNew sub silentio and based
its holding upon statutory language that does not call for a bifurcated proceeding--the language
being the same as that in former section 3d(b) when Duhart was decided. Nothing in the plain
language of section 5 of article 42.12 requires a separate hearing on punishment or a bifurcation of
the adjudication hearing. Where a statute is clear and unambiguous, the legislature must be
understood to mean what it has expressed, and it is not for the courts to add to or subtract from such
a statute. Boykin v. State, 818 S.W.2d 782, 785 (Tex. Crim. App. 1991).

 When a defendant waives trial by jury and enters a plea of guilt or nolo contendere
before the court to a non-capital offense, the proceedings become a unitary trial, "that is the issues
of guilt and punishment are submitted at the same time." Barfield v. State, 63 S.W.3d 446, 449 (Tex.
Crim. App. 2001). These issues cannot be separated. State v. Kersch, 2 S.W.3d 636, 638 (Tex.
App.--Houston [14th Dist.] 1999, no pet.). Prior to the 1965 Code of Criminal Procedure, all trials
before the court or jury, regardless of the plea, were unitary trials. Barfield, 63 S.W.3d at 449 (citing
Duhart, 668 S.W.2d at 386 n.3). Barfield again made clear that the only proper bifurcation of a trial
is a trial before a jury on a plea of not guilty in criminal cases other than misdemeanor cases in
justice and municipal courts under article 37.07, section 2(a) of the Code of Criminal Procedure. (1) 
The Legislature required the deferred adjudication of guilt proceedings to proceed only upon a plea
of guilty or nolo contendere ensuring a unitary trial. Tex. Code Crim. Proc. Ann. art. 42.12, § 5(a)
(West Supp. 2002). In most criminal cases, the assessment of punishment normally follows hard on
the heels of a finding of guilt. Section 5 of article 42.12 simply conveys the notion that a deferred
adjudication proceeding is to continue in the normal fashion after the adjudication of guilt. See
McNew, 608 S.W.2d at 174. It is a continuation of the unitary trial proceeding. Issa in holding to
the contrary is out of step.

 Moreover, the Issa court crafted a new method of preserving error for review outside
Rule 33.1, which governs the preservation of complaints for appeal. Tex. R. App. P. 33.1; Vidaurri
v. State, 49 S.W.3d 880, 885 (Tex. Crim. App. 2001).


 Rule 33.1 ensures that trial courts are provided the opportunity to correct their
own errors before a case need be appealed. If a defendant fails to inform the trial
judge of the potential error through a "timely request, objection, or motion," there is
no such opportunity for correction at the trial level. It is for this reason that
defendants must object to alleged errors on the record before those errors may be
appealed. See Dunn v. State, 819 S.W.2d 510, 524-25 (Tex. Crim. App. 1991), cert.
denied, 506 U.S. 834, 113 S. Ct. 105, 121 L. Ed. 2d 63 (1992) (discussing the
importance of specific objections as required by Rule 52, predecessor to Rule 33.1).



Vidaurri, 49 S.W.3d at 886.

 In Issa, the defendant neither requested a separate punishment hearing nor objected
to the lack of one. There was no compliance with Rule 33.1. Nevertheless, the Issa court
determined that since the trial court adjudicated guilt following the revocation hearing and assessed 
punishment "in one proclamation" and then recessed, the defendant had no time to object. 826
S.W.2d at 161. The court concluded that the objection raised for the first time in a motion for new
trial timely filed twenty-six days after revocation preserved error for review. (2)
 Id.

 In Pearson v. State, 974 S.W.2d 63 (Tex. App.--San Antonio 1998), the appellate
court, citing Issa, remanded the burglary conviction to the trial court for resentencing because the
defendant had been denied a separate punishment hearing after the adjudication of guilt and had
preserved error by filing a motion for new trial complaining of the omission. Id. at 67. The San
Antonio court noted that the defendant had testified at the adjudication of guilt hearing asking to
remain on probation. Later, before adjudication of guilt, the trial court gave the defendant an
opportunity to present evidence or argument as to the mitigation of punishment or the proper
disposition of the matter before the court. Appellant simply stated his desire to be "restored on
probation." Id. at 66. A colloquy between the trial court and the defendant then ensued about
defendant's performance on probation. After the defendant's statements, the trial court adjudicated
guilt and assessed punishment. Id. In Pearson, the San Antonio court found that there was no
separate hearing on punishment after adjudication of guilt as required by Issa. Id. at 67.

 On petition for discretionary review, the Court of Criminal Appeals expressly
reaffirmed Issa but nevertheless reversed the court of appeals and affirmed the trial court's judgment
by distinguishing Issa on its facts and noting:


It is immaterial that the opportunity to present evidence came before the actual words
of adjudication . . . [A]ppellant had the opportunity to present evidence during the
proceedings. That is all that is required.



Pearson v. State, 994 S.W.2d 176, 177 (Tex. Crim. App. 1999); see also Smith v. State, 52 S.W.3d
475, 478 (Tex. App.--Corpus Christi 2001, pet. ref'd).

 In Hardeman v. State, 1 S.W.3d 689 (Tex. Crim. App. 1999), the defendant relied
upon Issa by claiming that he had preserved error by timely filing a motion for new trial. The Court
of Criminal Appeals noted that Issa involved a lack of an opportunity to object and that Hardeman
was afforded that opportunity but did not take advantage of it. Id. at 690. Hardeman had testified
at the adjudication of guilt hearing about matters not related to the alleged violations of probation. 
Further, after the adjudication of guilt, the trial court asked Hardeman if he had anything to say
before the court assessed punishment and there was no response. The court concluded that
Hardeman had been given an opportunity to object and present evidence and that he did neither; as
a result he failed to preserve error despite his motion for new trial. Id. Thus, it appears that if a
defendant is afforded an opportunity to object, a motion for new trial will not preserve error. More importantly, in disposing of Hardeman's claim that counsel was ineffective in
failing to object to the lack of a separate punishment hearing, the court stated:


Contrary to Hardeman's argument, Issa does not stand for the absolute right to a
separate hearing. Instead, it requires the defendant to have the opportunity to present
evidence in mitigation of punishment if not afforded during adjudication.



Hardeman, 1 S.W.3d at 690-91 (citing Pearson, 994 S.W.2d at 178-79). Additionally, the
Hardeman court added:


As we explained in Pearson, it is immaterial that the presentation of the evidence
occurred before the actual words of adjudication. Hardeman had the opportunity to
present evidence during the proceedings, and that is all that is required. Therefore,
Hardeman cannot show that counsel erred by failing to object nor can he show he
was harmed by counsel's failure to object.



Id. at 691.

 Pearson and Hardeman seem to have limited and modified Issa's "entitlement"
language; but more recently Vidaurri, citing Issa, referred to the separate punishment hearing as "a
statutory right which can be waived." Vidaurri, 49 S.W.3d at 886.

 In order to preserve error for review as to the lack of a punishment hearing, a
defendant must timely request such a hearing, object to the lack of such hearing, or file a timely
motion for new trial based on the omission. Brunson v. State, 995 S.W.2d 709, 713 (Tex.
App.--San Antonio 1999, no pet.); Gober, 917 S.W.2d at 502. The issue cannot be raised for the
first time on appeal. Gober, 917 S.W.2d at 502. The use of a motion for new trial to preserve error
is apparently limited to the rare circumstances of Issa--when there is no opportunity to object to the
lack of a hearing. See Hardeman, 1 S.W.3d at 690. If the new trial motion is used, the motion
should indicate with some specificity the evidence the defendant would have presented if the
separate hearing had been accorded. See Salinas v. State, 980 S.W.2d 520, 521 (Tex.
App.--Houston [14th Dist.] 1998, pet ref'd). Further, the mere filing of a motion for a new trial on
other grounds will not preserve the error. Brunson, 995 S.W.2d at 713 n.4.


The Instant Case

 With this background, we now turn to the instant case and appellant's claim that he
was denied a separate hearing on punishment as required by Issa. First, we observe that appellant
entered a plea of guilty in a bench trial which resulted in a unitary trial where "the issues of guilt and
punishment are submitted at the same time." Barfield, 63 S.W.3d 446, 449 (Tex. Crim. App. 2001).
These issues cannot be separated. State v. Kersch, 2 S.W.3d 636, 638 (Tex. App.--Houston [14th
Dist.] 1999, no pet.). The judgment reflects that evidence was heard which is in accordance with the
applicable statutes. See Tex. Code Crim. Proc. Ann. arts. 1.15, 42.12, § 5(a) (West Supp. 2002). 
Appellant had an opportunity to present evidence in mitigation of punishment before the trial court
decided to defer the adjudication of guilt. Appellant makes no claim that he was denied the
opportunity to offer punishment evidence during this earlier proceeding.

 The record reflects several modifications of probationary conditions. The provision
prohibiting appellant from being around children was modified to allow appellant to live with his
new-born child. The trial court was aware and kept advised of appellant's activities.

 At the hearing on the motion to proceed to adjudicate guilt, the State offered the
testimony of Stella Fiori, appellant's probation officer, and Solomon Arkeen, a sex offender
therapist, to prove the alleged violations which included the use of drugs and alcohol, failure to pay
certain fees, and failure to participate in or complete certain treatment programs. Appellant
acknowledges that one part of Arkeen's testimony on cross-examination could be considered
evidence in mitigation of punishment. At the conclusion of the State's evidence, appellant expressly
rested and closed without calling any witnesses. At this point, the trial court agreed with appellant's
counsel who stated, that "there is a lot of exposure for punishment here in this case." Counsel then
made an argument noting that appellant's family was present and asking for leniency; he also called
attention to his claim that the State's original case was weak because appellant had been granted
deferred adjudication. The prosecutor then asked the trial court for a ruling on the revocation and
the trial court adjudicated guilt. The State recommended fifteen years' imprisonment. Appellant's
counsel renewed his plea for leniency. In response, the prosecutor pointed out that appellant's
mother was present if appellant wanted to ask her any questions. The prosecutor reiterated its
penalty recommendation. At this juncture, the trial court asked if appellant wanted to exercise his
right of "allocution." Appellant personally responded that "he had made a lot of wrong decisions,"
that he had been given a chance, even a second chance, but he was still asking for leniency and
mercy. The trial court briefly discussed the background and nature of the case with appellant before
assessing twelve years' imprisonment for sexual assault of a child.

 There was no request for a separate hearing on punishment nor an objection to the
lack of any formal hearing. Clearly, appellant had ample opportunity to present evidence of a
mitigating nature. The factual situation here was a far cry from the claimed lack of opportunity in
Issa.

 Appellant attempted to preserve error by timely filing a motion for new trial. This
method of preservation of error for review is available only when the lack of opportunity to present
mitigating evidence on punishment is shown. Hardeman, 1 S.W.3d at 690-91. Those circumstances
were not present in the instant case. Thus, appellant did not preserve error for review. (3) See Nirschi
v. State, 923 S.W.2d 218, 219 (Tex. App.--Amarillo 1996, pet. ref'd). 

 Further, the trial court heard the motion for new trial and overruled it. Appellant, his
father, mother, and aunt testified. (4) Appellant's mother stated that she was present at the adjudication
hearing, and could have testified but was not asked to testify then or immediately thereafter. When
asked what her testimony would have been, she responded: "What would I have said?" Later, in
response to leading questions, she stated that she would have told the trial court that she would offer
appellant alternative sex therapy counseling, alternative transportation means, and alternative
employment. Appellant's father testified in the same vein and expressed the thought that he had
been a "poor father." Irene Guerrero, appellant's aunt, testified that she was also present and not
called to testify. She stated that she would have stated that she would have helped appellant
financially if he remained on probation.

 Appellant testified but not principally on the separate hearing issue. On cross-examination, appellant admitted that he had conferred with counsel and decided not to testify at the
"revocation" hearing. Appellant stated that he wanted his parents to testify but his attorney opposed
this action. His trial attorney testified earlier that appellant did not want his parents to testify. The
trial court was the trier of fact at the hearing on the new trial motion and was not required to accept
or believe any witness's testimony.

 At the conclusion of the hearing, the trial court stated that none of the evidence would
have had any impact on the issue of punishment. (5) The trial court overruled the motion for new trial. 
Appellant does not complain the trial court abused its discretion in overruling the motion. Appellant
still insists that he was "entitled" to a separate hearing on punishment. Because the circumstances
do not match those in Issa, appellant did not preserve error. Further, appellant had an opportunity
to present mitigating evidence on punishment beginning with his original guilty plea, the
adjudication of guilt proceedings, and afterwards as described. Moreover, the hearing on the new
trial motion revealed the additional evidence he might have offered at any formal hearing on
punishment. Appellant does not tell us what other evidence would be offered on remand if this
Court sustained his first point of error. The first point of error is overruled. (6)


Ineffective Assistance of Counsel

 In the second point of error, appellant urges that he was denied the effective assistance
of counsel in that he was denied a separate punishment hearing. A defendant in a criminal case has
a constitutional right to the reasonably effective assistance of counsel. Stafford v. State, 813 S.W.2d
503, 506 (Tex. Crim. App. 1991). However, a defendant is not entitled to errorless counsel or
counsel whose competency is judged by hindsight. Id. In Strickland v. Washington, 466 U.S. 468,
687 (1984), the United States Supreme Court promulgated a two-pronged test to determine whether
representation was so inadequate that it violated a defendant's Sixth Amendment right to counsel. 
The Strickland analysis has been adopted in Texas and applies to claims arising under article one,
section ten of the Texas Constitution. Hernandez v. State, 726 S.W.2d 53, 57 (Tex. Crim. App.
1986). Under the two-pronged test, a convicted defendant must first show that his counsel's
performance was deficient, and second, show that the deficient performance prejudiced the defense. 
Strickland, 466 U.S. at 687; Jackson v. State, 877 S.W.2d 768, 771 (Tex. Crim. App. 1994). The
defendant has the burden to prove a claim of ineffective assistance of counsel by a preponderance
of the evidence. McFarland v. State, 928 S.W.2d 482, 500 (Tex. Crim. App. 1996). If the defendant
fails to make the required showing of both deficient performance and prejudice, his claim must fall. 
Id.

 The review of a claim of ineffective assistance of counsel is highly deferential. 
Strickland, 486 U.S. at 689. A reviewing court must indulge a strong presumption that trial
counsel's conduct falls within a wide range of reasonable representation. McFarland, 928 S.W.2d
at 500. The assessment of whether a defendant received effective assistance of counsel must be
made according to the facts of each case. We assess the totality of counsel's representation rather
than his or her isolated acts or omissions. Strickland, 486 U.S. at 689; Oestrick v. State, 939 S.W.2d
232, 239 (Tex. App.--Austin 1997, pet. ref'd). While a single egregious error of commission or
omission may be sufficient, reviewing courts generally are hesitant to declare counsel ineffective
based on a single alleged miscalculation. Thompson v. State, 9 S.W.3d 808, 813, 814 (Tex. Crim.
App. 1999).

 When claiming ineffective assistance for failing to object on the proper basis, a
defendant must demonstrate that if trial counsel had chosen the right basis for his objection, the trial
court would have committed error in refusing to sustain the objection. Cf. Vaughn v. State, 931
S.W.2d 564, 566 (Tex. Crim. App. 1996); Brown v. State, 6 S.W.3d 571, 575 (Tex. App.--Tyler
1999, pet. ref'd).

 Appellant's point of error pinpoints the denial of a separate punishment hearing, but
the circumstances show that appellant had an adequate opportunity to present evidence of mitigation
of punishment. That is all that is required. Hardeman, 1 S.W.3d at 691. Counsel cannot be said to
be ineffective for the pinpointed reason asserted. The fact that another attorney might have pursued
a different course of action at trial will not support a finding of ineffectiveness. Banks v. State, 819
S.W.2d 676, 681 (Tex. App.--San Antonio 1991, pet. ref'd). For the reasons stated in Hardeman,
1 S.W.3d at 691, appellant's contention is without merit. 

 In his brief, appellant, however, broadens his claim considerably based in large
measure on appellant's testimony at the hearing on the motion for new trial. Appellant's testimony
was largely contradicted by his trial counsel's testimony. Witness credibility is determined by the
trial court at a hearing on a motion for new trial. Salazar v. State, 38 S.W.3d 141, 148 (Tex. Crim.
App. 2001); Escobedo v. State, 6 S.W.3d 1, 8 (Tex. App.--San Antonio 1999, no pet.); Ross v. State,
861 S.W.2d 64, 66 (Tex. App.--Beaumont 1993, pet. ref'd). The trial court overruled the
appellant's motion.

 We have examined appellant's "variety of reasons" for claiming ineffectiveness,
including failure to advise appellant of a separate punishment hearing, failing to inform appellant
about his right to call family members as witnesses, lack of jail visits by counsel, failure to meet with
appellant's family, and failure to suggest the possibility of obtaining another opinion from a different
sex offender therapist. Under the record, we conclude that appellant has failed to sustain his burden
of proof and satisfy the two prong test of Strickland. The second point of error is overruled.


The Judgment

 "The judgment of the court" found in the appellate record reflects that appellant's
original plea to the indictment when the adjudication of guilt was deferred was "not guilty" and that
he was represented at the time by attorney Bristol Meyers. These recitals are incorrect as reflected
by the record. Appellant entered a guilty plea and was represented by attorney Jamie Balagia. The
judgment will be modified to reflect these corrections, and as modified, affirmed.



 __________________________________________

 John F. Onion, Jr., Justice

Before Justices Kidd, Patterson and Onion*

Modified and, as Modified, Affirmed

Filed: August 30, 2002

Publish






















* Before John F. Onion, Jr., Presiding Judge (retired), Court of Criminal Appeals, sitting by
assignment. See Tex. Gov't Code Ann. § 74.003(b) (West 1998).
1.   See Tex. Code Crim. Proc. Ann. art. 37.07, § 2(a) (West Supp. 2002).
2.   One of the many difficulties with using a motion for new trial to preserve error for review
is that such a motion, even one that is timely filed under Rule 21.4 of the Rules of Appellate
Procedure, may never be "presented" to the trial court as required by Rule 21.6, and may be
overruled by operation of law under Rule 21.8, without the motion and its complaint ever being
brought to the attention of the trial court. Trial courts may be easily "sandbagged" in this matter but
error is nevertheless preserved. There is no judicial economy here.


 Further, when the lack of a separate punishment hearing is not brought to the trial court's
attention until the motion for new trial, its only recourse for relief is to grant a new trial--restoring
"the case to its position before the former trial." Tex. R. App. P. 21.9. The authority to remand a
cause for a new hearing on punishment is expressly limited to the courts of appeals and the Court
of Criminal Appeals. See Tex. Code Crim. Proc. Ann. art. 44.29(b) (West Supp. 2002). The trial
courts are without such authority. Hight v. State, 907 S.W.2d 845, 846-47 (Tex. Crim. App. 1995);
see also Rent v. State, 982 S.W.2d 382, 385-86 (Tex. Crim. App. 1998); Stewart v. State, 13 S.W.3d
127, 131 (Tex. App.--Houston [14th Dist.] 2000, pet. ref'd) (citing State v. Bates, 889 S.W.2d 306
(Tex. Crim. App. 1994)).


 Thus, under Issa's exception to Rule 33.1, error may be preserved without the trial court's
knowledge or ruling. Moreover, the trial court may be forced to grant an entire new trial to accord
any relief. Surely, fairness may be provided without the loss of judicial efficiency, economy, and
plain common sense. The trial court should be given the same opportunity to correct error at the trial
level as when the preservation of error is governed by Rule 33.1. Needless to say, Issa's progeny
have demonstrated the legal problems and uncertainties it has wrought, as well as its attempted
application in other contexts. See, e.g., Borders v. State, 846 S.W.2d 837 (Tex. Crim. App. 1993)
(involving plea of not guilty in bench trial); Serna v. State, 986 S.W.2d 693 (Tex. App.--Amarillo
1998, no pet.) (attempt to apply Issa to regular probation); Watson v. State, 919 S.W.2d 845, 846
(Tex. App.--Austin 1996, no pet.) (plea of guilty before court).

3.   Moreover, the motion for new trial did complain of a lack of a separate punishment hearing
but did not specify the evidence appellant would have presented. For this reason also, error was not
preserved. Salinas v. State, 980 S.W.2d 520, 521 (Tex. App.--Houston [14th Dist.] 1998, pet.
ref'd).
4.   Appellant's two earlier trial attorneys testified on the issue of ineffective assistance of
counsel raised in the new trial motion.
5.   See Tex. R. App. P. 21.8(b).
6.   It is hopeful and certainly time that the Court of Criminal Appeals re-examine its Issa
opinion and consider the confusion Issa has caused the bench and bar in Texas in the deferred
adjudication context.