# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-01-00599-CR

**Michael Lopez, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 147TH JUDICIAL DISTRICT
### NO. 97-3947, HONORABLE WILFORD FLOWERS, JUDGE PRESIDING

Appellant Michael Lopez appeals his conviction in a bench trial for aggravated sexual assault of a child. *See* Tex. Pen. Code Ann. ' 22.021(a)(1)(B)(i) (West Supp. 2002). Appellant=s punishment was assessed by the trial court at twelve years= imprisonment. This appeal is another case spawned in troubled waters left in the wake of *Issa v. State*, 826 S.W.2d 159 (Tex. Crim. App. 1992), holding that a defendant is entitled to a separate hearing on punishment following revocation of a deferred adjudication Aprobation.@

### Points of Error

Appellant advances two points of error. First, appellant contends that he was entitled to but denied a separate hearing on punishment after the trial court Arevoked@ his deferred adjudication and proceeded to an adjudication of guilt. Second, appellant claims that he was denied

the effective assistance of counsel when his trial counsel did not secure his right to a separate punishment hearing. We will affirm the conviction.

## Background

After the presentation of appellant=s indictment, his case was transferred by court order to a criminal law magistrate for Travis County. *See* Tex. Gov=t Code Ann. '' 54.971-54.984 (West 1998 & Supp. 2002). This action was apparently taken under section 54.946, which provides in part for a transfer for A(1) a negotiated plea of guilty and sentencing.@ Tex. Gov=t Code Ann. ' 54.946 (West 1998). On February 11, 1998, appellant waived trial by jury and entered a guilty plea to the offense of aggravated sexual assault of a child. Appellant was duly admonished of the consequences of his plea, and evidence was heard. The magistrate recommended to the district court that the finding of guilt be deferred and appellant placed on deferred adjudication probation. *See* Tex. Code Crim. Proc. Ann. art. 42.12, ' 5(a) (West Supp. 2002).

On March 3, 1998, the district court adopted the findings, conclusions, and recommendations of the magistrate. On April 27, 1998, the district court signed an order dated April 22, 1998, which placed appellant on deferred adjudication Aprobation@ for eight years subject to certain conditions.

On September 19, 2001, the trial court heard the State=s amended motion to proceed to adjudication of guilt. After hearing the evidence, the trial court adjudicated guilt and assessed punishment at twelve years= imprisonment. On December 17, 2001, appellant=s motion for new trial was overruled after a hearing.

2

## Deferred Adjudication, *Issa*, its Progeny
## and the Preservation of Error

Appellant acknowledges that he did not request a separate hearing on punishment or object to the lack of such hearing after the trial court proceeded to an adjudication of guilt. He complained of the absence of a bifurcated procedure for the first time in his motion for a new trial. Relying upon *Issa*, 826 S.W.2d at 161, appellant claims he was entitled to a separate punishment hearing and that the complaint lodged in his motion for new trial was sufficient to preserve error. Appellant=s contention causes us to examine the deferred adjudication type of clemency as it applies to him.

Deferred adjudication of guilt Ais a constitutional form of >probation= under the terms of Article III, ' 1 of the State Constitution, even though statutorily it is neatly tucked in Article 42.12, V.A.C.C.P., the enabling act for Article IV, ' 11-A of the State Constitution, which provides for a different type of probation.@ *McNew v. State*, 608 S.W.2d 166, 176 (Tex. Crim. App. 1978) (op. on reh=g); *see also* 43A George E. Dix & Robert O. Dawson, *Texas Practice: Criminal Practice and Procedure* ' 39.14 (2d ed. 2001).

The current statutory procedure is set forth in article 42.12, section 5. Tex. Code Crim. Proc. Ann. art. 42.12, ' 5 (formerly section 3d). In 1984, the same contention that appellant raises was advanced in *Duhart v. State*, 668 S.W.2d 384, 386 (Tex. Crim. App. 1984). Relying in part upon *McNew*, 608 S.W.2d at 174, and *Jackson v. State*, 628 S.W.2d 119 (Tex. App.CBeaumont 1981, pet. ref=d), the *Duhart* court held:

**3**

We observe that *the statute*, Article 42.12, Sec. 3d(b), V.A.C.C.P., *does not mandate a separate punishment hearing*, nor can we conclude that due process of law nor the due course of the law of the land is violated because such a separate hearing is not accorded. Fairness would dictate that a defendant be accorded an opportunity to offer appropriate evidence in mitigation of punishment after the revocation of Aprobation@ and the adjudication of guilt and before the assessment of punishment if such evidence has not already been elicited during the proceedings, particularly if the defendant requests the opportunity.

*Duhart*, 668 S.W.2d at 587 (emphasis added).

In *Issa*, the court only quoted the Afairness@ sentence from *Duhart* and then called attention to the language in article 42.12, section 5(b) which provides: that A[a]fter an adjudication of guilt, all proceedings, including the assessment of punishment, the pronouncement of sentence, granting of probation, and defendant=s appeal continue as if the adjudication of guilt had not been deferred.@ *Issa*, 826 S.W.2d at 161. The Court of Criminal Appeals then added:

Thus, based on the statute, the defendant is *entitled* to a punishment hearing after the adjudication of guilt, and the trial judge must allow the accused the opportunity to present evidence. The trial court in the instant case erred in not so doing.

*Id.* (emphasis in original). The *Issa* court left no doubt that upon adjudication of guilt Athe court must then conduct a second phase to determine punishment.@ *Id.*

Without question, the *Issa* court overruled *Duhart* and *McNew* sub silentio and based its holding upon statutory language that does not call for a bifurcated proceedingCthe language being the same as that in former section 3d(b) when *Duhart* was decided. Nothing in the plain language of section 5 of article 42.12 requires a separate hearing on punishment or a bifurcation of the adjudication hearing. Where a statute is clear and unambiguous, the legislature must be understood to

**4**

mean what it has expressed, and it is not for the courts to add to or subtract from such a statute. *Boykin v. State*, 818 S.W.2d 782, 785 (Tex. Crim. App. 1991).

When a defendant waives trial by jury and enters a plea of guilt or nolo contendere before the court to a non-capital offense, the proceedings become a unitary trial, Athat is the issues of guilt and punishment are submitted at the same time.@ *Barfield v. State*, 63 S.W.3d 446, 449 (Tex. Crim. App. 2001). These issues cannot be separated. *State v. Kersch*, 2 S.W.3d 636, 638 (Tex. App.CHouston [14th Dist.] 1999, no pet.). Prior to the 1965 Code of Criminal Procedure, all trials before the court or jury, regardless of the plea, were unitary trials. *Barfield*, 63 S.W.3d at 449 (citing *Duhart*, 668 S.W.2d at 386 n.3). *Barfield* again made clear that the *only* proper bifurcation of a trial is a trial before a jury on a plea of not guilty in criminal cases other than misdemeanor cases in justice and municipal courts under article 37.07, section 2(a) of the Code of Criminal Procedure.[1] The Legislature required the deferred adjudication of guilt proceedings to proceed only upon a plea of guilty or nolo contendere ensuring a unitary trial. Tex. Code Crim. Proc. Ann. art. 42.12, ' 5(a) (West Supp. 2002). In most criminal cases, the assessment of punishment normally follows hard on the heels of a finding of guilt. Section 5 of article 42.12 simply conveys the notion that a deferred adjudication proceeding is to continue in the normal fashion after the adjudication of guilt. *See McNew*, 608 S.W.2d at 174. It is a continuation of the unitary trial proceeding. *Issa* in holding to the contrary is out of step.

---

[1] *See* Tex. Code Crim. Proc. Ann. art. 37.07, ' 2(a) (West Supp. 2002).

**5**

Moreover, the *Issa* court crafted a new method of preserving error for review outside

Rule 33.1, which governs the preservation of complaints for appeal. Tex. R. App. P. 33.1; *Vidaurri v.*

*State*, 49 S.W.3d 880, 885 (Tex. Crim. App. 2001).

> Rule 33.1 ensures that trial courts are provided the opportunity to correct their own errors before a case need be appealed. If a defendant fails to inform the trial judge of the potential error through a Atimely request, objection, or motion,@there is no such opportunity for correction at the trial level. It is for this reason that defendants must object to alleged errors on the record before those errors may be appealed. *See Dunn v. State*, 819 S.W.2d 510, 524-25 (Tex. Crim. App. 1991), *cert. denied*, 506 U.S. 834, 113 S. Ct. 105, 121 L. Ed. 2d 63 (1992) (discussing the importance of specific objections as required by Rule 52, predecessor to Rule 33.1).

*Vidaurri*, 49 S.W.3d at 886.

In *Issa*, the defendant neither requested a separate punishment hearing nor objected to the

lack of one. There was no compliance with Rule 33.1. Nevertheless, the *Issa* court determined that since

the trial court adjudicated guilt following the revocation hearing and assessed punishment Ain one

proclamation@ and then recessed, the defendant had no time to object. 826 S.W.2d at 161. The court

concluded that the objection raised for the first time in a motion for new trial timely filed twenty-six days

after revocation preserved error for review.[2] *Id*.

---

[2] One of the many difficulties with using a motion for new trial to preserve error for review is that such a motion, even one that is timely filed under Rule 21.4 of the Rules of Appellate Procedure, may never be Apresented@to the trial court as required by Rule 21.6, and may be overruled by operation of law under Rule 21.8, without the motion and its complaint ever being brought to the attention of the trial court. Trial courts may be easily Asandbagged@ in this matter but error is nevertheless preserved. There is no judicial economy here.

Further, when the lack of a separate punishment hearing is not brought to the trial court=s attention

until the motion for new trial, its only recourse for relief is to grant a new trialCrestoring Athe case to its position before the former trial.@ Tex. R. App. P. 21.9. The authority to remand a cause for a new hearing on punishment is expressly limited to the courts of appeals and the Court of Criminal Appeals. *See* Tex. Code Crim. Proc. Ann. art. 44.29(b) (West Supp. 2002). The trial courts are without such authority. *Hight v. State*, 907 S.W.2d 845, 846-47 (Tex. Crim. App. 1995); *see also Rent v. State*, 982 S.W.2d 382, 385-86 (Tex. Crim. App. 1998); *Stewart v. State*, 13 S.W.3d 127, 131 (Tex. App.CHouston [14th Dist.] 2000, pet. ref=d) (citing *State v. Bates*, 889 S.W.2d 306 (Tex. Crim. App. 1994)).

Thus, under *Issa=s* exception to Rule 33.1, error may be preserved without the trial court=s knowledge or ruling. Moreover, the trial court may be forced to grant an entire new trial to accord any relief. Surely, fairness may be provided without the loss of judicial efficiency, economy, and plain common sense. The trial court should be given the same opportunity to correct error at the trial level as when the preservation of error is governed by Rule 33.1. Needless to say, *Issa=s* progeny have demonstrated the legal problems and uncertainties it has wrought, as well as its attempted application in other contexts. *See*, *e.g.*, *Borders v. State*, 846 S.W.2d 837 (Tex. Crim. App. 1993) (involving plea of not guilty in bench trial); *Serna v. State*, 986 S.W.2d 693 (Tex. App.CAmarillo 1998, no pet.) (attempt to apply *Issa* to regular probation); *Watson v. State*, 919 S.W.2d 845, 846 (Tex. App.CAustin 1996, no pet.) (plea of guilty before court).

In *Pearson v. State*, 974 S.W.2d 63 (Tex. App.**C**San Antonio 1998), the appellate court, citing *Issa*, remanded the burglary conviction to the trial court for resentencing because the defendant had been denied a separate punishment hearing after the adjudication of guilt and had preserved error by filing a motion for new trial complaining of the omission. *Id*. at 67. The San Antonio court noted that the defendant had testified at the adjudication of guilt hearing asking to remain on probation. Later, before adjudication of guilt, the trial court gave the defendant an opportunity to present evidence or argument as to the mitigation of punishment or the proper disposition of the matter before the court. Appellant simply stated his desire to be **A**restored on probation.**@** *Id*. at 66. A colloquy between the trial court and the defendant then ensued about defendant=s performance on probation. After the defendant=s statements, the trial court adjudicated guilt and assessed punishment. *Id*. In *Pearson*, the San Antonio court found that there was no separate hearing on punishment *after* adjudication of guilt as required by *Issa*. *Id*. at 67.

On petition for discretionary review, the Court of Criminal Appeals expressly reaffirmed *Issa* but nevertheless reversed the court of appeals and affirmed the trial court=s judgment by distinguishing *Issa* on its facts and noting:

> It is immaterial that the opportunity to present evidence came before the actual words of adjudication . . . [A]ppellant had the *opportunity* to present evidence *during the proceedings*. That is all that is required.

*Pearson v. State*, 994 S.W.2d 176, 177 (Tex. Crim. App. 1999); *see also Smith v. State*, 52 S.W.3d 475, 478 (Tex. App.**C**Corpus Christi 2001, pet. ref=d).

**8**

In *Hardeman v. State*, 1 S.W.3d 689 (Tex. Crim. App. 1999), the defendant relied upon *Issa* by claiming that he had preserved error by timely filing a motion for new trial. The Court of Criminal Appeals noted that *Issa* involved a lack of an opportunity to object and that Hardeman was afforded that opportunity but did not take advantage of it. *Id*. at 690. Hardeman had testified at the adjudication of guilt hearing about matters not related to the alleged violations of probation. Further, *after* the adjudication of guilt, the trial court asked Hardeman if he had anything to say before the court assessed punishment and there was no response. The court concluded that Hardeman had been given an opportunity to object and present evidence and that he did neither; as a result he failed to preserve error despite his motion for new trial. *Id*. Thus, it appears that if a defendant is afforded an opportunity to object, a motion for new trial will not preserve error.     More importantly, in disposing of Hardeman=s claim that counsel was ineffective in failing to object to the lack of a separate punishment hearing, the court stated:

> Contrary to Hardeman=s argument, *Issa* does not stand for the absolute right to a separate hearing. Instead, it requires the defendant to have the opportunity to present evidence in mitigation of punishment if not afforded during adjudication.

*Hardeman*, 1 S.W.3d at 690-91 (citing *Pearson*, 994 S.W.2d at 178-79). Additionally, the *Hardeman* court added:

> As we explained in *Pearson*, it is immaterial that the presentation of the evidence occurred before the actual words of adjudication. Hardeman had the opportunity to present evidence during the proceedings, and that is all that is required. Therefore, Hardeman cannot show that counsel erred by failing to object nor can he show he was harmed by counsel=s failure to object.

*Id*. at 691.

*Pearson* and *Hardeman* seem to have limited and modified *Issa=s* Aentitlement@ language; but more recently *Vidaurri,* citing *Issa*, referred to the separate punishment hearing as Aa statutory right which can be waived.@ *Vidaurri*, 49 S.W.3d at 886.

In order to preserve error for review as to the lack of a punishment hearing, a defendant must timely request such a hearing, object to the lack of such hearing, or file a timely motion for new trial based on the omission. *Brunson v. State*, 995 S.W.2d 709, 713 (Tex. App.CSan Antonio 1999, no pet.); *Gober*, 917 S.W.2d at 502. The issue cannot be raised for the first time on appeal. *Gober*, 917 S.W.2d at 502. The use of a motion for new trial to preserve error is apparently limited to the rare circumstances of *Issa*Cwhen there is no opportunity to object to the lack of a hearing. *See Hardeman*, 1 S.W.3d at 690. If the new trial motion is used, the motion should indicate with some specificity the evidence the defendant would have presented if the separate hearing had been accorded. *See Salinas v. State*, 980 S.W.2d 520, 521 (Tex. App.CHouston [14th Dist.] 1998, pet ref=d). Further, the mere filing of a motion for a new trial on other grounds will not preserve the error. *Brunson*, 995 S.W.2d at 713 n.4.

**The Instant Case**

With this background, we now turn to the instant case and appellant=s claim that he was denied a separate hearing on punishment as required by *Issa*. First, we observe that appellant entered a plea of guilty in a bench trial which resulted in a unitary trial where Athe issues of guilt and punishment are submitted at the same time.@ *Barfield*, 63 S.W.3d 446, 449 (Tex. Crim. App. 2001). These issues cannot

**10**

be separated.  *State v. Kersch*, 2 S.W.3d 636, 638 (Tex. App.C Houston [14th Dist.] 1999, no pet.).

The judgment reflects that evidence was heard which is in accordance with the applicable statutes.  *See* Tex. Code Crim. Proc. Ann. arts. 1.15, 42.12, ' 5(a) (West Supp. 2002).  Appellant had an opportunity to present evidence in mitigation of punishment before the trial court decided to defer the adjudication of guilt. Appellant makes no claim that he was denied the opportunity to offer punishment evidence during this earlier proceeding.

The record reflects several modifications of probationary conditions.  The provision prohibiting appellant from being around children was modified to allow appellant to live with his new-born child.  The trial court was aware and kept advised of appellant=s activities.

At the hearing on the motion to proceed to adjudicate guilt, the State offered the testimony of Stella Fiori, appellant=s probation officer, and Solomon Arkeen, a sex offender therapist, to prove the alleged violations which included the use of drugs and alcohol, failure to pay certain fees, and failure to participate in or complete certain treatment programs. Appellant acknowledges that one part of Arkeen=s testimony on cross-examination could be considered evidence in mitigation of punishment. At the conclusion of the State=s evidence, appellant expressly rested and closed without calling any witnesses. At this point, the trial court agreed with appellant=s counsel who stated, that Athere is a lot of exposure for punishment here in this case.@ Counsel then made an argument noting that appellant=s family was present and asking for leniency; he also called attention to his claim that the State=s original case was weak because appellant had been granted deferred adjudication. The prosecutor then asked the trial court for a ruling on the revocation and the trial court adjudicated guilt. The State recommended fifteen years= imprisonment. Appellant=s counsel renewed his plea for leniency. In response, the prosecutor pointed out that appellant=s mother was present if appellant wanted to ask her any questions. The prosecutor reiterated its penalty recommendation. At this juncture, the trial court asked if appellant wanted to exercise his right of Aallocution.@ Appellant personally responded that Ahe had made a lot of wrong decisions,@ that he had been given a chance, even a second chance, but he was still asking for leniency and mercy. The trial court briefly discussed the background and nature of the case with appellant before assessing twelve years= imprisonment for sexual assault of a child.

There was no request for a separate hearing on punishment nor an objection to the lack of any formal hearing. Clearly, appellant had ample opportunity to present evidence of a mitigating nature. The factual situation here was a far cry from the claimed lack of opportunity in *Issa*.

Appellant attempted to preserve error by timely filing a motion for new trial. This method of preservation of error for review is available only when the lack of opportunity to present mitigating evidence on punishment is shown. *Hardeman*, 1 S.W.3d at 690-91. Those circumstances were not present in the instant case. Thus, appellant did not preserve error for review.[3] *See Nirschi v. State*, 923 S.W.2d 218, 219 (Tex. App.CAmarillo 1996, pet. ref=d).

---

[3] Moreover, the motion for new trial did complain of a lack of a separate punishment hearing but did not specify the evidence appellant would have presented. For this reason also, error was not preserved. *Salinas v. State*, 980 S.W.2d 520, 521 (Tex. App.CHouston [14th Dist.] 1998, pet. ref=d).

Further, the trial court heard the motion for new trial and overruled it. Appellant, his father, mother, and aunt testified.[4] Appellant=s mother stated that she was present at the adjudication hearing, and could have testified but was not asked to testify then or immediately thereafter. When asked what her testimony would have been, she responded: AWhat would I have said?@ Later, in response to leading questions, she stated that she would have told the trial court that she would offer appellant alternative sex therapy counseling, alternative transportation means, and alternative employment. Appellant=s father testified in the same vein and expressed the thought that he had been a Apoor father.@ Irene Guerrero, appellant=s aunt, testified that she was also present and not called to testify. She stated that she would have stated that she would have helped appellant financially if he remained on probation.

Appellant testified but not principally on the separate hearing issue. On cross-examination, appellant admitted that he had conferred with counsel and decided not to testify at the Arevocation@ hearing. Appellant stated that he wanted his parents to testify but his attorney opposed this action. His trial attorney testified earlier that appellant did not want his parents to testify. The trial court was the trier of fact at the hearing on the new trial motion and was not required to accept or believe any witness=s testimony.

---

[4] Appellant=s two earlier trial attorneys testified on the issue of ineffective assistance of counsel raised in the new trial motion.

At the conclusion of the hearing, the trial court stated that none of the evidence would have had any impact on the issue of punishment.[5] The trial court overruled the motion for new trial. Appellant does not complain the trial court abused its discretion in overruling the motion. Appellant still insists that he was Aentitled@ to a separate hearing on punishment. Because the circumstances do not match those in *Issa*, appellant did not preserve error. Further, appellant had an opportunity to present mitigating evidence on punishment beginning with his original guilty plea, the adjudication of guilt proceedings, and afterwards as described. Moreover, the hearing on the new trial motion revealed the additional evidence he might have offered at any formal hearing on punishment. Appellant does not tell us what other evidence would be offered on remand if this Court sustained his first point of error. The first point of error is overruled.[6]

**Ineffective Assistance of Counsel**

---

[5] *See* Tex. R. App. P. 21.8(b).

[6] It is hopeful and certainly time that the Court of Criminal Appeals re-examine its *Issa* opinion and consider the confusion *Issa* has caused the bench and bar in Texas in the deferred adjudication context.

15

In the second point of error, appellant urges that he was denied the effective assistance of counsel in that he was denied a separate punishment hearing. A defendant in a criminal case has a constitutional right to the reasonably effective assistance of counsel. *Stafford v. State*, 813 S.W.2d 503, 506 (Tex. Crim. App. 1991). However, a defendant is not entitled to errorless counsel or counsel whose competency is judged by hindsight. *Id*. In *Strickland v. Washington*, 466 U.S. 468, 687 (1984), the United States Supreme Court promulgated a two-pronged test to determine whether representation was so inadequate that it violated a defendant=s Sixth Amendment right to counsel. The *Strickland* analysis has been adopted in Texas and applies to claims arising under article one, section ten of the Texas Constitution. *Hernandez v. State*, 726 S.W.2d 53, 57 (Tex. Crim. App. 1986). Under the two-pronged test, a convicted defendant must first show that his counsel=s performance was deficient, and second, show that the deficient performance prejudiced the defense. *Strickland*, 466 U.S. at 687; *Jackson v. State*, 877 S.W.2d 768, 771 (Tex. Crim. App. 1994). The defendant has the burden to prove a claim of ineffective assistance of counsel by a preponderance of the evidence. *McFarland v. State*, 928 S.W.2d 482, 500 (Tex. Crim. App. 1996). If the defendant fails to make the required showing of both deficient performance and prejudice, his claim must fall. *Id*.

The review of a claim of ineffective assistance of counsel is highly deferential. *Strickland*, 486 U.S. at 689. A reviewing court must indulge a strong presumption that trial counsel=s conduct falls within a wide range of reasonable representation. *McFarland*, 928 S.W.2d at 500. The assessment of whether a defendant received effective assistance of counsel must be made according to the facts of each case. We assess the totality of counsel=s representation rather than his or her isolated acts or omissions.

**16**

*Strickland*, 486 U.S. at 689; *Oestrick v. State*, 939 S.W.2d 232, 239 (Tex. App.C Austin 1997, pet. ref=d). While a single egregious error of commission or omission may be sufficient, reviewing courts generally are hesitant to declare counsel ineffective based on a single alleged miscalculation. *Thompson v. State*, 9 S.W.3d 808, 813, 814 (Tex. Crim. App. 1999).

When claiming ineffective assistance for failing to object on the proper basis, a defendant must demonstrate that if trial counsel had chosen the right basis for his objection, the trial court would have committed error in refusing to sustain the objection. *Cf. Vaughn v. State*, 931 S.W.2d 564, 566 (Tex. Crim. App. 1996); *Brown v. State*, 6 S.W.3d 571, 575 (Tex. App.C Tyler 1999, pet. ref=d).

Appellant=s point of error pinpoints the denial of a separate punishment hearing, but the circumstances show that appellant had an adequate opportunity to present evidence of mitigation of punishment. That is all that is required. *Hardeman*, 1 S.W.3d at 691. Counsel cannot be said to be ineffective for the pinpointed reason asserted. The fact that another attorney might have pursued a different course of action at trial will not support a finding of ineffectiveness. *Banks v. State*, 819 S.W.2d 676, 681 (Tex. App.C San Antonio 1991, pet. ref=d). For the reasons stated in *Hardeman*, 1 S.W.3d at 691, appellant=s contention is without merit.

In his brief, appellant, however, broadens his claim considerably based in large measure on appellant=s testimony at the hearing on the motion for new trial. Appellant=s testimony was largely contradicted by his trial counsel=s testimony. Witness credibility is determined by the trial court at a hearing on a motion for new trial. *Salazar v. State*, 38 S.W.3d 141, 148 (Tex. Crim. App. 2001); *Escobedo v.*

*State*, 6 S.W.3d 1, 8 (Tex. App.CSan Antonio 1999, no pet.); *Ross v. State*, 861 S.W.2d 64, 66 (Tex. App.CBeaumont 1993, pet. ref=d).  The trial court overruled the appellant=s motion.

We have examined appellant=s Avariety of reasons@ for claiming ineffectiveness, including failure to advise appellant of a separate punishment hearing, failing to inform appellant about his right to call family members as witnesses, lack of jail visits by counsel, failure to meet with appellant=s family, and failure to suggest the possibility of obtaining another opinion from a different sex offender therapist.  Under the record, we conclude that appellant has failed to sustain his burden of proof and satisfy the two prong test of *Strickland*.  The second point of error is overruled.

### The Judgment

AThe judgment of the court@ found in the appellate record reflects that appellant=s original plea to the indictment when the adjudication of guilt was deferred was Anot guilty@ and that he was represented at the time by attorney Bristol Meyers.  These recitals are incorrect as reflected by the record. Appellant entered a guilty plea and was represented by attorney Jamie Balagia.  The judgment will be modified to reflect these corrections, and as modified, affirmed.

_____

John F. Onion, Jr., Justice

Before Justices Kidd, Patterson and Onion[*]

**18**

Modified and, as Modified, Affirmed

Filed:   August 30, 2002

Publish

---

* Before John F. Onion, Jr., Presiding Judge (retired), Court of Criminal Appeals, sitting by assignment. *See* Tex. Gov=t Code Ann. ' 74.003(b) (West 1998).