IN THE MATTER OF MARRIAGE OF BROGAN

NO. 07-03-0081-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL E

JUNE 24, 2003

______________________________

IN THE MATTER OF THE MARRIAGE OF 

WALTER CHARLES BROGAN, III AND TINA MARIE BROGAN

AND IN THE INTEREST OF WILLIAM CHRISTOPHER BROGAN

AND SHAUN PATRICK BROGAN, MINOR CHILDREN

_________________________________

FROM THE COUNTY COURT AT LAW NO. 2 OF LUBBOCK COUNTY;

NO. 2001-514,816; HONORABLE DRUE FARMER, JUDGE

_______________________________

Before JOHNSON, C.J., and REAVIS, J., and BOYD, S.J.
(footnote: -6)
ABATEMENT AND REMAND

Tina Marie Brogan appeals from a final decree of divorce signed December 6, 2002.  Although she filed a timely request for findings of fact and conclusions of law pursuant to Rule 296 of the Texas Rules of Civil Procedure, to date, the Honorable Drue Farmer has not made any.  Pending before this Court is Tina’s unopposed motion to abate this appeal and remand the cause to the trial court for findings of fact and conclusions of law.  We grant the motion and abate the appeal and remand the cause to the trial court for further proceedings.

Section 6.711(a) of the Texas Family Code Annotated (Vernon Supp. 2003) provides that when a judgment dissolving a marriage is rendered, on request by a party, the trial court shall make written findings of fact and conclusions of law.  Accordingly, we abate this appeal and remand the cause to the trial court to enter findings of fact and conclusions of law in support of its judgment.  We direct the trial court to cause its findings and conclusions to be incorporated into a supplemental clerk’s record and filed with the Clerk of this Court no later than Monday, July 14, 2003.  

Tina’s brief is currently due on June 30, 2003.  The Court hereby extends the deadline in which to file her brief to Monday, August 11, 2003.  Walter’s brief will be due 30 days after Tina’s brief is filed.

It is so ordered.

Per Curiam

ing punishment had he known the trial court would have immediately proceeded to the punishment phase following its ruling adjudicating him guilty in two of the causes and revoking his community supervision in the third.

By his two points, appellant argues the prosecutor’s oral request to “bifurcate” the proceeding, which she conceded is something “we normally don’t do” violated his due process by denying him a proper punishment hearing.  We disagree.  Article 42.12, section 5(b) of the Texas Code of Criminal Procedure provides “[a]fter an adjudication of guilt, all proceedings, 
including assessment of punishment
 . . . continue as if the adjudication of guilt had not been deferred.”  (Emphasis added).  Article 42.12, section 23(a) provides “[i]f community supervision is revoked after a hearing . . . the judge may proceed to dispose of the case as if there had been no community supervision . . . .”  Appellant does not reference any authority and we have found none requiring notice to a defendant when the punishment phase is to commence following the trial court’s ruling.
(footnote: 1)  

A defendant is entitled to a punishment hearing following the adjudication of guilt or revocation of community supervision and must be allowed an opportunity to present evidence.  Issa v. State 826 S.W.2d 159, 161 (Tex.Cr.App. 1992); 
see generally
 McNew v. State, 608 S.W.2d 166, 174 (Tex.Cr.App. [Panel Op.] 1978) (holding that only one hearing is necessary to afford a defendant due process of law and that once the trial court enters an adjudication of guilt, it can immediately proceed with assessment of punishment). 

In the instant case, after the State’s punishment evidence was presented, defense counsel announced he had no questions, and following the State’s announcement that it was resting, defense counsel also rested.  He did not request a continuance nor allege in the motions for new trial what mitigating punishment evidence, if any, he would have presented.  
Issa
 left no doubt that after the adjudication or revocation portion of a hearing, “the court must then conduct a second phase to determine punishment.”  
See
 Lopez v. State, 96 S.W.3d 406, 411 (Tex.App.–Austin 2002, pet. ref’d), citing
 Issa
, 826 S.W.2d at 161.  We conclude the trial court did not err in proceeding to the punishment phase of the hearing following its ruling to adjudicate appellant guilty in two causes and revoke his community supervision in the third, and that appellant’s due process rights were not violated.  Points of error one and two are overruled.

Accordingly, the judgments of the trial court are affirmed.

Don H. Reavis

    Justice

Do not publish.

FOOTNOTES
-6:
John T.  Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment.

1: