NO. 07-02-0493-CR


NO. 07-02-0495-CR


NO. 07-02-0496-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL A



DECEMBER 23, 2003



______________________________




JOHN DALE HARVEY, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE




_________________________________



FROM THE A47TH DISTRICT COURT OF POTTER COUNTY;



NO. 40,280-A; 37,611-A; 41,935-A HONORABLE JOHN T. FORBIS, JUDGE



_______________________________



Before JOHNSON, C.J., and REAVIS and CAMPBELL, JJ.

MEMORANDUM OPINION


 Pursuant to plea agreements, appellant John Dale Harvey was granted deferred
adjudication for aggravated assault in cause number 40,280-A and for assault against a
family member in cause number 41,935-A. His punishment was assessed at ten years
community supervision in each cause. In cause number 37,611-A, appellant had been
convicted of possession of a controlled substance and placed on community supervision
for ten years. After hearing evidence of violations of the conditions thereof, his community
supervision was revoked and punishment was assessed at ten years confinement. By two
points of error, appellant contends (1) the trial court erred in granting the State's oral
request to bifurcate the hearing and conduct a punishment hearing following the
revocation/adjudication portion of the proceeding without notice, and (2) he was denied
due process by not being allowed a proper punishment hearing. Based upon the rationale
expressed herein, we affirm.

 Only the facts necessary to disposition of appellant's points of error will be
discussed. During the hearing on the State's motions to proceed with adjudications of guilt
and to revoke community supervision the prosecutor orally requested that the trial court
proceed with the punishment phase immediately following presentation of the evidence on
its motions. Defense counsel objected based on lack of notice and also alleged due
process violations. The objection was overruled and following the trial court's ruling on the
adjudications and revocation, the punishment phase commenced. Following his
convictions, appellant filed motions for new trial in all three causes alleging his due
process rights were violated because he was not prepared for the punishment phase and
did not receive proper notice. By the motions, appellant did not allege what evidence, if
any, he would have presented during punishment had he known the trial court would have
immediately proceeded to the punishment phase following its ruling adjudicating him guilty
in two of the causes and revoking his community supervision in the third.

 By his two points, appellant argues the prosecutor's oral request to "bifurcate" the
proceeding, which she conceded is something "we normally don't do" violated his due
process by denying him a proper punishment hearing. We disagree. Article 42.12, section
5(b) of the Texas Code of Criminal Procedure provides "[a]fter an adjudication of guilt, all
proceedings, including assessment of punishment . . . continue as if the adjudication of
guilt had not been deferred." (Emphasis added). Article 42.12, section 23(a) provides "[i]f
community supervision is revoked after a hearing . . . the judge may proceed to dispose
of the case as if there had been no community supervision . . . ." Appellant does not
reference any authority and we have found none requiring notice to a defendant when the
punishment phase is to commence following the trial court's ruling. (1) 

 A defendant is entitled to a punishment hearing following the adjudication of guilt
or revocation of community supervision and must be allowed an opportunity to present
evidence. Issa v. State 826 S.W.2d 159, 161 (Tex.Cr.App. 1992); see generally McNew
v. State, 608 S.W.2d 166, 174 (Tex.Cr.App. [Panel Op.] 1978) (holding that only one
hearing is necessary to afford a defendant due process of law and that once the trial court
enters an adjudication of guilt, it can immediately proceed with assessment of punishment). 

 In the instant case, after the State's punishment evidence was presented, defense
counsel announced he had no questions, and following the State's announcement that it
was resting, defense counsel also rested. He did not request a continuance nor allege in
the motions for new trial what mitigating punishment evidence, if any, he would have
presented. Issa left no doubt that after the adjudication or revocation portion of a hearing,
"the court must then conduct a second phase to determine punishment." See Lopez v.
State, 96 S.W.3d 406, 411 (Tex.App.-Austin 2002, pet. ref'd), citing Issa, 826 S.W.2d at
161. We conclude the trial court did not err in proceeding to the punishment phase of the
hearing following its ruling to adjudicate appellant guilty in two causes and revoke his
community supervision in the third, and that appellant's due process rights were not
violated. Points of error one and two are overruled.

 Accordingly, the judgments of the trial court are affirmed.

 Don H. Reavis

 Justice

Do not publish.


1. Although article 37.07(g) of the Texas Code of Criminal Procedure requires notice
of intent to introduce extraneous offenses upon a defendant's timely request, the record
herein reflects that the State did not intend to introduce any evidence of extraneous
offenses and that no request was made by appellant.