In The
Court of Appeals
Sixth Appellate District of Texas at Texarkana

______________________________

No. 06-03-00105-CR
______________________________


DARYL ODOM, Appellant
 
V.
 
THE STATE OF TEXAS, Appellee


                                              

On Appeal from the 402nd Judicial District Court
Wood County, Texas
Trial Court No. 14,628-96


                                                 



Before Morriss, C.J., Ross and Carter, JJ.
Memorandum Opinion by Chief Justice Morriss


MEMORANDUM OPINION

            The trial court adjudicated Daryl Odom's guilt for aggravated sexual assault of a child and
sentenced him to fifteen years' imprisonment. On appeal, Odom first claims he received ineffective
assistance of counsel at trial. In his second point of error, Odom contends that, because his
conviction is for a noncapital offense, this Court will deny him meaningful due process if we analyze
his claim for ineffective assistance of counsel under the test required by the United States Supreme
Court in Strickland v. Washington, 466 U.S. 668 (1984), and made applicable to state constitutional
claims by the Texas Court of Criminal Appeals in Hernandez v. State, 726 S.W.2d 53, 56–57 (Tex.
Crim. App. 1986). We overrule both points of error and affirm the trial court's judgment.
Standard of Review
            The standard for testing claims of ineffective assistance of counsel is set out in Strickland,
466 U.S. 668, and adopted for Texas constitutional claims in Hernandez, 726 S.W.2d at 57. To
prevail on a claim of ineffective assistance, an appellant must, by a preponderance of the evidence,
prove:  (1)  trial  counsel's  performance  fell  below  an  objective  standard  of  reasonableness,  and
(2) counsel's deficient representation prejudiced appellant's defense. Strickland, 466 U.S. at 688;
Bone v. State, 77 S.W.3d 828, 833 (Tex. Crim. App. 2002); Rosales v. State, 4 S.W.3d 228, 231
(Tex. Crim. App. 1999). To meet this burden, an appellant must show that the attorney's
representation fell below the standard of prevailing professional norms and that there is a reasonable
probability that, but for the attorney's deficiency, the result of the trial would have been different. 
Tong v. State, 25 S.W.3d 707, 712 (Tex. Crim. App. 2000). In other words, the appellant must prove
counsel's representation so undermined the proper functioning of the adversarial process that the trial
cannot be relied on as having produced a just result. Strickland, 466 U.S. at 686. If, however, "there
is at least the possibility that the conduct could have been legitimate trial strategy," then we must
"defer to counsel's decisions and deny relief on an ineffective assistance claim on direct appeal." 
Murphy v. State, 112 S.W.3d 592, 601 (Tex. Crim. App. 2003). The Texas Court of Criminal
Appeals has warned litigants that "the record on direct appeal is [often] simply underdeveloped and
cannot adequately reflect the failings of trial counsel." Thompson v. State, 9 S.W.3d 808, 813–14
(Tex. Crim. App. 1999). This state's highest criminal court has frequently suggested claims of
ineffective assistance are more effective pursued through an application for habeas corpus, because
a collateral attack provides an opportunity to develop a record regarding counsel's trial strategy. See
Bone, 77 S.W.3d at 836 (habeas litigation also affords trial counsel opportunity to explain actions
before being condemned as unprofessional and incompetent).
            To the extent Odom urges us to adopt a different standard of review, both the United States
Supreme Court and the Texas Court of Criminal Appeals have decided this issue against Odom. The
Strickland–Hernandez analysis applies to capital and noncapital cases alike. See, e.g., Freeman v.
State, No. 2156-01, 2003 WL 22510582 (Tex. Crim. App. Nov. 5, 2003) (retaliation); Resendiz v.
State, 112 S.W.3d 541 (Tex. Crim. App. 2003) (capital murder with death penalty assessed); Bone,
77 S.W.3d 828 (driving while intoxicated). We decline Odom's invitation to ignore binding
precedent, and we overrule Odom's second point of error.
Analysis
            In his first point of error, Odom contends his trial counsel's failure to object to not being
allowed to present mitigation evidence during a separate punishment hearing cannot be justified as
reasonable trial strategy and resulted in Odom receiving ineffective assistance of counsel at trial. 
Odom concedes, however, that he "cannot show, based on any sentencing outcome, what the trial
court might or might not have done with any mitigating evidence" and therefore cannot demonstrate
harm under the second prong of Strickland. Instead, Odom writes that he "can only speculate that
had he had some opportunity to present favorable witnesses, it logically flows that these witnesses
would have likely tipped the scales in his favor to a less severe punishment." 
            First, a reasonable explanation exists for trial counsel's decision not to object to the absence
of a distinct and separate punishment hearing: Odom may have had no mitigating evidence available
to present at the time of the hearing. A review of the record does not suggest that anyone except
Odom, his counsel, the State, the State's two witnesses, and the trial judge were present at the
hearing. The absence of any mitigating evidence would justify trial counsel's decision not to object
to the trial court's procedure. Cf. Bone, 77 S.W.3d at 836–37 (nothing in record suggests more
mitigating evidence existed; appellate court erred finding ineffective assistance).
            Second, Odom claims he was not given an opportunity to object in the trial court to the lack
of a separate punishment hearing, but Odom did not file a motion for new trial. The Austin Court
of Appeals has suggested that a defendant whose guilt is adjudicated cannot, for the first time on
appeal, complain the trial court erred by failing to conduct a separate punishment hearing. Lopez v.
State, 96 S.W.3d 406, 415–16 (Tex. App.—Austin 2002, pet. ref'd). Error must be preserved either
by objecting before the trial court during the adjudication hearing when given such an opportunity
or, if no such opportunity was available, by filing a motion for new trial. Id. Odom neither objected
before the trial court nor raised the issue of a separate punishment hearing in a motion for new trial.
            Third, as he now concedes, Odom cannot demonstrate, by a preponderance of the evidence,
that but for counsel's alleged error, the result would have been different. Accordingly, Odom has
satisfied neither prong of the Strickland–Hernandez analysis for claims of ineffective assistance.
            We affirm the trial court's judgment.
 
                                                                                    Josh R. Morriss, III
                                                                                    Chief Justice

Date Submitted:          February 6, 2004 
Date Decided:             February 20, 2004

Do Not Publish