# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-03-00603-CR

**David Travis Scott, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF BELL COUNTY, 264TH JUDICIAL DISTRICT
### NO. 53,691, HONORABLE JOE CARROLL, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Appellant David Travis Scott pleaded guilty to indecency with a child by contact. *See* Tex. Pen. Code Ann. § 21.11 (West 2003). The court adjudged him guilty and imposed a twenty-year prison sentence. By two points of error, appellant contends the court erred by failing to determine if he knowingly waived his right to a jury trial and by admitting evidence that he possessed child pornography. We will overrule these contentions and affirm the conviction.

Before he entered his plea, appellant was questioned by the court:

THE COURT:   Okay. Have you had time to meet with Mr. Kreimeyer, your lawyer, and talk to him about your case?

THE DEFENDANT:  Yes, Your Honor, I have.

THE COURT: Okay. Mr. Kreimeyer, do you think he is mentally competent?

MR. KREIMEYER: I do, Your Honor.

THE COURT: Do you believe he understands the nature and consequences of the case?

MR. KREIMEYER: I believe he does.

THE COURT: All right, sir. I think he does, too. We will go ahead and have his trial this afternoon. I just wanted to be sure he knew what he was doing.

Mr. Scott, you have a paper here. It says no plea bargain recommendation has been reached. There is no plea recommendation, and that means that your punishment range in this case could be anything within the range of payment [sic] of 2 to 20 and up to a $10,000 fine, and that if you wanted to, you could ask a jury to set your punishment instead of the judge. Do you understand that?

THE DEFENDANT: Yes, Your Honor.

THE COURT: Okay. You know what a jury is?

THE DEFENDANT: Negative.

THE COURT: Okay. All right. You have a waiver document that says waiver of jury, agreement to stipulate upon a plea of guilty, and it appears to be signed by you and Mr. Kreimeyer indicating you want to waive your rights and plead guilty and make a confession.

THE DEFENDANT: Yes, Your Honor.

THE COURT: All right, sir. Mr. Kreimeyer, he seems to understand everything.

MR. KREIMEYER: I believe he does, Judge.

THE COURT: All right, sir. I will accept your waivers of your rights.

2

Appellant urges that because he answered, "Negative," when asked if he knows what a jury is, the court should not have accepted his waiver of jury trial without making a further inquiry into whether he was intelligently waiving that right.

Contrary to appellant's contention, the trial court did make a further inquiry into whether he was knowingly waiving his right to a jury. After appellant seemingly indicated that he did not know what a jury is, the court referred him to the written waiver of jury trial contained in the record. *See* Tex. Code Crim. Proc. Ann. art. 1.13 (West Supp. 2004). In this document, appellant stated that he "understood my right to trial by jury" and waived that right. The written waiver was also signed by appellant's counsel, who stated therein that he had advised appellant of his rights and approved the waiver. Appellant acknowledged before the court that he made this waiver. The court then obtained defense counsel's oral confirmation that appellant "seems to understand everything." The court also had been informed that appellant was a twenty-six-year-old high school graduate, and that he had served in the military for five years prior to his arrest. The court also had the benefit of seeing appellant in court and observing his demeanor.

Appellant waived his right to a jury trial in the manner prescribed by statute. Although some further clarification may have been indicated, considering the record as a whole, we hold that the trial court adequately inquired into the voluntariness of this waiver and did not err by accepting it. Point of error one is overruled.

After further admonishments, the trial court accepted appellant's guilty plea and judicial confession and announced that it found the evidence sufficient to convict. The court then proceeded to hear punishment evidence. In his second point of error, appellant contends the court

3

erred by admitting in evidence six images taken from his computer that appear to show children engaged in sexual acts.

The police officer through whom the exhibits were offered testified in answer to questions by defense counsel that it was not possible to conclusively distinguish between actual child pornography and virtual child pornography. The latter term refers to computer-generated images that appear to depict children, but which are produced without their actual participation. *See Ashcroft v. Free Speech Coalition*, 535 U.S. 234, 239 (2002). Appellant objected to the introduction of the exhibits "because he can't say if they're virtual images or real images, and based on that we will object."

In his brief to this Court, appellant asserts that Texas does not prohibit the possession of virtual child pornography. *See* Tex. Pen. Code Ann. § 43.25 (West Supp. 2004), § 43.26 (West 2003). Even if this assertion is true, appellant does not explain why the officer's inability to state whether the images were real or virtual, in itself, rendered them inadmissible.

Appellant now argues that the exhibits were inadmissible character conformity evidence. *See* Tex. R. Evid. 404(b). Appellant further argues that the exhibits were not admissible as punishment evidence under article 37.07 because, at the time they were admitted, he had not been adjudged guilty. *See* Tex. Code Crim. Proc. Ann. art. 37.07, § 3(a)(1) (West Supp. 2004). Neither of these contentions was presented to the trial court, and thus they were not preserved for review. *See* Tex. R. App. P. 33.1(a).

Even if these arguments were properly before us, no error is shown. A bifurcated procedure is required only in trials before a jury on a plea of not guilty. Tex. Code Crim. Proc. Ann.

4

art. 37.07, § 2(a) (West Supp. 2004); *Barfield v. State*, 63 S.W.3d 446, 449 (Tex. Crim. App. 2001). When a defendant waives trial by jury and enters a plea of guilty before the court, the proceedings become unitary and the issues of guilt and punishment are submitted at the same time. *Lopez v. State*, 96 S.W.3d 406, 412 (Tex. App.—Austin 2002, pet. ref'd). To determine the appropriate punishment, evidence may be offered as to any matter the court deems relevant to sentencing. Tex. Code Crim. Proc. Ann. art. 37.07, § 3(a)(1). In this trial for indecency with a child by contact, evidence that appellant possessed child pornography, real or virtual, was relevant to sentencing. Point of error two is overruled.

The judgment of conviction is affirmed.

_____

David Puryear, Justice

Before Chief Justice Law, Justices Patterson and Puryear

Affirmed

Filed: July 15, 2004

Do Not Publish

5