TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-03-00603-CR







David Travis Scott, Appellant



v.



The State of Texas, Appellee







FROM THE DISTRICT COURT OF BELL COUNTY, 264TH JUDICIAL DISTRICT


NO. 53,691, HONORABLE JOE CARROLL, JUDGE PRESIDING






M E M O R A N D U M O P I N I O N



Appellant David Travis Scott pleaded guilty to indecency with a child by contact. See
Tex. Pen. Code Ann. § 21.11 (West 2003). The court adjudged him guilty and imposed a twenty-year prison sentence. By two points of error, appellant contends the court erred by failing to
determine if he knowingly waived his right to a jury trial and by admitting evidence that he
possessed child pornography. We will overrule these contentions and affirm the conviction.

Before he entered his plea, appellant was questioned by the court:


 THE COURT: Okay. Have you had time to meet with Mr. Kreimeyer,
your lawyer, and talk to him about your case?


THE DEFENDANT: Yes, Your Honor, I have.



THE COURT: Okay. Mr. Kreimeyer, do you think he is mentally
competent?


MR. KREIMEYER: I do, Your Honor.


THE COURT: Do you believe he understands the nature and
consequences of the case?


MR. KREIMEYER: I believe he does.


THE COURT: All right, sir. I think he does, too. We will go ahead and
have his trial this afternoon. I just wanted to be sure he
knew what he was doing.


 Mr. Scott, you have a paper here. It says no plea bargain
recommendation has been reached. There is no plea
recommendation, and that means that your punishment
range in this case could be anything within the range of
payment [sic] of 2 to 20 and up to a $10,000 fine, and that
if you wanted to, you could ask a jury to set your
punishment instead of the judge. Do you understand that?


THE DEFENDANT: Yes, Your Honor.


THE COURT: Okay. You know what a jury is?


THE DEFENDANT: Negative.


THE COURT: Okay. All right. You have a waiver document that says
waiver of jury, agreement to stipulate upon a plea of guilty,
and it appears to be signed by you and Mr. Kreimeyer
indicating you want to waive your rights and plead guilty
and make a confession.


THE DEFENDANT: Yes, Your Honor.


THE COURT: All right, sir. Mr. Kreimeyer, he seems to understand
everything.


MR. KREIMEYER: I believe he does, Judge.


THE COURT: All right, sir. I will accept your waivers of your rights.


Appellant urges that because he answered, "Negative," when asked if he knows what a jury is, the
court should not have accepted his waiver of jury trial without making a further inquiry into whether
he was intelligently waiving that right.

Contrary to appellant's contention, the trial court did make a further inquiry into
whether he was knowingly waiving his right to a jury. After appellant seemingly indicated that he
did not know what a jury is, the court referred him to the written waiver of jury trial contained in the
record. See Tex. Code Crim. Proc. Ann. art. 1.13 (West Supp. 2004). In this document, appellant
stated that he "understood my right to trial by jury" and waived that right. The written waiver was
also signed by appellant's counsel, who stated therein that he had advised appellant of his rights and
approved the waiver. Appellant acknowledged before the court that he made this waiver. The court
then obtained defense counsel's oral confirmation that appellant "seems to understand everything." 
The court also had been informed that appellant was a twenty-six-year-old high school graduate, and
that he had served in the military for five years prior to his arrest. The court also had the benefit of
seeing appellant in court and observing his demeanor.

Appellant waived his right to a jury trial in the manner prescribed by statute. 
Although some further clarification may have been indicated, considering the record as a whole, we
hold that the trial court adequately inquired into the voluntariness of this waiver and did not err by
accepting it. Point of error one is overruled.

After further admonishments, the trial court accepted appellant's guilty plea and
judicial confession and announced that it found the evidence sufficient to convict. The court then
proceeded to hear punishment evidence. In his second point of error, appellant contends the court
erred by admitting in evidence six images taken from his computer that appear to show children
engaged in sexual acts.

The police officer through whom the exhibits were offered testified in answer to
questions by defense counsel that it was not possible to conclusively distinguish between actual child
pornography and virtual child pornography. The latter term refers to computer-generated images that
appear to depict children, but which are produced without their actual participation. See Ashcroft
v. Free Speech Coalition, 535 U.S. 234, 239 (2002). Appellant objected to the introduction of the
exhibits "because he can't say if they're virtual images or real images, and based on that we will
object."

In his brief to this Court, appellant asserts that Texas does not prohibit the possession
of virtual child pornography. See Tex. Pen. Code Ann. § 43.25 (West Supp. 2004), § 43.26 (West
2003). Even if this assertion is true, appellant does not explain why the officer's inability to state
whether the images were real or virtual, in itself, rendered them inadmissible.

Appellant now argues that the exhibits were inadmissible character conformity
evidence. See Tex. R. Evid. 404(b). Appellant further argues that the exhibits were not admissible
as punishment evidence under article 37.07 because, at the time they were admitted, he had not been
adjudged guilty. See Tex. Code Crim. Proc. Ann. art. 37.07, § 3(a)(1) (West Supp. 2004). Neither
of these contentions was presented to the trial court, and thus they were not preserved for review. 
See Tex. R. App. P. 33.1(a).

Even if these arguments were properly before us, no error is shown. A bifurcated
procedure is required only in trials before a jury on a plea of not guilty. Tex. Code Crim. Proc. Ann.
art. 37.07, § 2(a) (West Supp. 2004); Barfield v. State, 63 S.W.3d 446, 449 (Tex. Crim. App. 2001). 
When a defendant waives trial by jury and enters a plea of guilty before the court, the proceedings
become unitary and the issues of guilt and punishment are submitted at the same time. Lopez v.
State, 96 S.W.3d 406, 412 (Tex. App.--Austin 2002, pet. ref'd). To determine the appropriate
punishment, evidence may be offered as to any matter the court deems relevant to sentencing. Tex.
Code Crim. Proc. Ann. art. 37.07, § 3(a)(1). In this trial for indecency with a child by contact,
evidence that appellant possessed child pornography, real or virtual, was relevant to sentencing. 
Point of error two is overruled.

The judgment of conviction is affirmed.



 __________________________________________

 David Puryear, Justice

Before Chief Justice Law, Justices Patterson and Puryear

Affirmed

Filed: July 15, 2004

Do Not Publish