NO. 07-04-0417-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

JANUARY 5, 2005
_____

ROBERT EDWARD BARRIENTEZ,

Appellant

v.

THE STATE OF TEXAS,

Appellee
_____

FROM THE 47TH DISTRICT COURT OF RANDALL COUNTY;

NO. 14,041-A; HON. HAL MINER, PRESIDING
_____

*Memorandum Opinion*
_____

Before JOHNSON, C.J., and QUINN and CAMPBELL, JJ.

Appellant Robert Edward Barrientez appeals his conviction for failing to comply with the sex offender registration requirements. His sole issue concerns whether he was denied the effective assistance of counsel when his counsel failed to object to the lack of a punishment hearing. The adjudication of his guilt had originally been deferred, and the trial court placed him on community supervision. Per the State's second motion to revoke probation, the trial court convened a hearing whereat appellant pled true to each of the 12

allegations in the motion. Thereafter, the trial court asked the State for its recommendation as to punishment. The prosecutor informed the court that it previously agreed to recommend a six year sentence. The trial court refused the recommendation, informed appellant that it would assess eight years confinement, and ultimately assessed seven years upon the urging of appellant's attorney. Because no separate punishment hearing was conducted and since his counsel failed to complain about that, appellant asserts that he was denied effective counsel. We affirm the judgment.

One claiming ineffective assistance of counsel must establish not only that his counsel was deficient but also that the deficiency was prejudicial. *Bone v. State,* 77 S.W.3d 828, 833 (Tex. Crim. App. 2002). To be prejudicial, the record must show that there exists a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. *Id.* And, this occurs when the circumstances undermine our confidence in the outcome of the proceeding. *Id.*

Next, the entry of a guilty plea in a bench trial results in a unitary trial where the issues of guilt and punishment are submitted at the same time. *Lopez v. State,* 96 S.W.3d 406, 412 (Tex. App.—Austin 2002, pet. ref'd). Although a defendant should be accorded an opportunity to offer evidence in mitigation of punishment after an adjudication of guilt, there is no absolute right to a separate hearing on the matter. *Hardeman v. State,* 1 S.W.3d 689, 690 (Tex. Crim. App. 1999). The trial court need only afford the defendant opportunity to present evidence sometime during the proceedings. *Pearson v. State,* 994 S.W.2d 176, 179 (Tex. Crim. App. 1999); *Lopez v. State,* 96 S.W.3d at 414.

Here, the record illustrates that while no separate punishment hearing was convened, the trial court did inquire about the punishment to be levied. It not only solicited

information from the State (*i.e.* the recommendation resulting from plea negotiations), but also entertained the comments of defense counsel. Moreover, the latter's comments resulted in the trial court reducing the length of the sentence from eight years to seven. What other evidence, if any, appellant proposed to offer went unmentioned in his brief. So too did appellant fail to inform us of how this unknown evidence may have altered the result.

Given that the trial court did solicit and entertain information and argument about punishment, that the trial court reduced the prison term it initially decided to levy due to defense counsel's arguments, and that appellant failed to argue or illustrate that he had other relevant evidence which he was unable to present, we cannot say that he established the prejudice required by *Bone*. Indeed, appellant did not even argue that he was prejudiced by the purported omission. *See Ladd v. State,* 3 S.W.3d 547, 570 (Tex. Crim. App. 1999) (holding that because appellant made "no effort to prove the prejudice prong," he was not entitled to relief).

Accordingly, we overrule the issue and affirm the judgment.


Brian Quinn
Justice

Do not publish.