NO. 07-04-0573-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL D



SEPTEMBER 7, 2005


______________________________



JASON ANTHONY JUVENAL, 



 Appellant


v.



THE STATE OF TEXAS, 



 Appellee

_________________________________



FROM THE 251ST DISTRICT COURT OF POTTER COUNTY;



NO. 45,687-C; HON. PATRICK PIRTLE, PRESIDING


_______________________________



Memorandum Opinion


_______________________________



Before QUINN, C.J., and REAVIS and CAMPBELL, JJ.

 Appellant, Jason Anthony Juvenal, appeals from a judgment adjudicating him guilty
of sexual assault and sentencing him to prison. His sole issue involves the purported
ineffective assistance received from his counsel. The latter was purportedly ineffective
because he failed to request a separate punishment hearing or object to the lack of one. 
We affirm the judgment of the trial court. 

 Appellant pled guilty to the charged offense, but adjudication of his guilt was
deferred. The trial court then placed him on community supervision for seven years. 
Thereafter, the State filed a motion and an amended motion to proceed with the
adjudication of appellant's guilt. At the hearing which followed, the trial court found that
appellant violated a term of his community supervision and decided to adjudicate him guilty
of the original offense. Defense counsel was then asked if "there [was] any reason why the
Court should not proceed with sentencing," and counsel replied, "[n]o, Your Honor." At that
point, appellant was sentenced to 15 years in prison. Now appellant claims his counsel
was ineffective because he failed to seek a separate punishment hearing. 

 One claiming ineffective assistance of counsel must establish not only that his
counsel was deficient but also that the deficiency was prejudicial. Bone v. State, 77 S.W.3d
828, 833 (Tex. Crim. App. 2002). And, to be prejudicial, the record must show that there
exists a reasonable probability that, but for counsel's errors, the result of the proceeding
would have been different. Id. This occurs when the circumstances undermine our
confidence in the outcome of the proceeding. Id. Moreover, if either or both prongs of the
test go unsatisfied, then the claim must be rejected. 

 Next, while authority holds that a defendant should be accorded an opportunity to
offer evidence in mitigation of punishment after an adjudication of guilt, there is no absolute
right to a separate hearing on the matter. Hardeman v. State, 1 S.W.3d 689, 690 (Tex.
Crim. App. 1999). Rather, the trial court need only afford the defendant an opportunity to
present evidence sometime during the proceedings. Pearson v. State, 994 S.W.2d 176,
179 (Tex. Crim. App. 1999); Lopez v. State, 96 S.W.3d 406, 413 (Tex. App.Austin 2002,
pet. ref'd). 

 In complaining of his attorney's conduct, appellant says nothing about having
evidence relevant to the issue of punishment which he was unable to present. Nor does
he contend that he had pertinent argument that went unmentioned due to the trial court's
action. In short, he made no showing of how the outcome probably would have differed
had he been granted a separate hearing on punishment. This alone warrants the denial
of his claim. Ladd v. State, 3 S.W.3d 547, 570 (Tex. Crim. App. 1999) (holding that the
failure to address the matter of prejudice warrants the denial of appellant's claim). 

 Yet, we further note that appellant testified at the hearing upon the State's motion
to adjudicate. While doing so, he explained how he did not want to go to prison and how
he understood the seriousness of his obligation to attend sex offender treatment. So too
did he ask the trial court to allow him to remain on deferred adjudication because he had
just married, was trying to start a family with his new wife, and wanted an opportunity to
regain custody of his children from CPS. Appellant also told the trial court that he would
do everything he could to attend classes. One can reasonably construe the foregoing
testimony as evidence touching upon punishment, especially when we are not informed of
any other matter appellant hoped to present.

 In sum, because the trial court did receive information and argument relevant to
punishment and because appellant failed to illustrate that he had other relevant evidence
on the matter, we cannot say that appellant established the prejudice required by Bone. 
Accordingly, we overrule the issue and affirm the judgment.

 

 Brian Quinn 

 Chief Justice 

Do not publish.