NO. 07-04-0573-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

SEPTEMBER 7, 2005
_____

JASON ANTHONY JUVENAL,

Appellant

v.

THE STATE OF TEXAS,

Appellee
_____

FROM THE 251ST DISTRICT COURT OF POTTER COUNTY;

NO. 45,687-C; HON. PATRICK PIRTLE, PRESIDING
_____

*Memorandum Opinion*
_____

Before QUINN, C.J., and REAVIS and CAMPBELL, JJ.

Appellant, Jason Anthony Juvenal, appeals from a judgment adjudicating him guilty of sexual assault and sentencing him to prison. His sole issue involves the purported ineffective assistance received from his counsel. The latter was purportedly ineffective because he failed to request a separate punishment hearing or object to the lack of one. We affirm the judgment of the trial court.

Appellant pled guilty to the charged offense, but adjudication of his guilt was deferred. The trial court then placed him on community supervision for seven years. Thereafter, the State filed a motion and an amended motion to proceed with the adjudication of appellant's guilt. At the hearing which followed, the trial court found that appellant violated a term of his community supervision and decided to adjudicate him guilty of the original offense. Defense counsel was then asked if "there [was] any reason why the Court should not proceed with sentencing," and counsel replied, "[n]o, Your Honor." At that point, appellant was sentenced to 15 years in prison. Now appellant claims his counsel was ineffective because he failed to seek a separate punishment hearing.

One claiming ineffective assistance of counsel must establish not only that his counsel was deficient but also that the deficiency was prejudicial. *Bone v. State,* 77 S.W.3d 828, 833 (Tex. Crim. App. 2002). And, to be prejudicial, the record must show that there exists a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. *Id.* This occurs when the circumstances undermine our confidence in the outcome of the proceeding. *Id.* Moreover, if either or both prongs of the test go unsatisfied, then the claim must be rejected.

Next, while authority holds that a defendant should be accorded an opportunity to offer evidence in mitigation of punishment after an adjudication of guilt, there is no absolute right to a separate hearing on the matter. *Hardeman v. State,* 1 S.W.3d 689, 690 (Tex. Crim. App. 1999). Rather, the trial court need only afford the defendant an opportunity to present evidence sometime during the proceedings. *Pearson v. State,* 994 S.W.2d 176, 179 (Tex. Crim. App. 1999); *Lopez v. State,* 96 S.W.3d 406, 413 (Tex. App.Austin 2002, pet. ref'd).

In complaining of his attorney's conduct, appellant says nothing about having evidence relevant to the issue of punishment which he was unable to present. Nor does he contend that he had pertinent argument that went unmentioned due to the trial court's action. In short, he made no showing of how the outcome probably would have differed had he been granted a separate hearing on punishment. This alone warrants the denial of his claim. *Ladd v. State,* 3 S.W.3d 547, 570 (Tex. Crim. App. 1999) (holding that the failure to address the matter of prejudice warrants the denial of appellant's claim).

Yet, we further note that appellant testified at the hearing upon the State's motion to adjudicate. While doing so, he explained how he did not want to go to prison and how he understood the seriousness of his obligation to attend sex offender treatment. So too did he ask the trial court to allow him to remain on deferred adjudication because he had just married, was trying to start a family with his new wife, and wanted an opportunity to regain custody of his children from CPS. Appellant also told the trial court that he would do everything he could to attend classes. One can reasonably construe the foregoing testimony as evidence touching upon punishment, especially when we are not informed of any other matter appellant hoped to present.

In sum, because the trial court did receive information and argument relevant to punishment and because appellant failed to illustrate that he had other relevant evidence on the matter, we cannot say that appellant established the prejudice required by *Bone.* Accordingly, we overrule the issue and affirm the judgment.


Brian Quinn
Chief Justice

Do not publish.

3