NO. 07-04-0417-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL B



JANUARY 5, 2005


______________________________



ROBERT EDWARD BARRIENTEZ,



 Appellant


v.



THE STATE OF TEXAS, 



 Appellee

_________________________________



FROM THE 47TH DISTRICT COURT OF RANDALL COUNTY;



NO. 14,041-A; HON. HAL MINER, PRESIDING


_______________________________



Memorandum Opinion


_______________________________



Before JOHNSON, C.J., and QUINN and CAMPBELL, JJ.

 Appellant Robert Edward Barrientez appeals his conviction for failing to comply with
the sex offender registration requirements. His sole issue concerns whether he was denied
the effective assistance of counsel when his counsel failed to object to the lack of a
punishment hearing. The adjudication of his guilt had originally been deferred, and the trial
court placed him on community supervision. Per the State's second motion to revoke
probation, the trial court convened a hearing whereat appellant pled true to each of the 12
allegations in the motion. Thereafter, the trial court asked the State for its recommendation
as to punishment. The prosecutor informed the court that it previously agreed to
recommend a six year sentence. The trial court refused the recommendation, informed
appellant that it would assess eight years confinement, and ultimately assessed seven
years upon the urging of appellant's attorney. Because no separate punishment hearing
was conducted and since his counsel failed to complain about that, appellant asserts that
he was denied effective counsel. We affirm the judgment.

 One claiming ineffective assistance of counsel must establish not only that his
counsel was deficient but also that the deficiency was prejudicial. Bone v. State, 77 S.W.3d
828, 833 (Tex. Crim. App. 2002). To be prejudicial, the record must show that there exists
a reasonable probability that, but for counsel's errors, the result of the proceeding would
have been different. Id. And, this occurs when the circumstances undermine our
confidence in the outcome of the proceeding. Id. 

 Next, the entry of a guilty plea in a bench trial results in a unitary trial where the
issues of guilt and punishment are submitted at the same time. Lopez v. State, 96 S.W.3d
406, 412 (Tex. App.--Austin 2002, pet. ref'd). Although a defendant should be accorded
an opportunity to offer evidence in mitigation of punishment after an adjudication of guilt,
there is no absolute right to a separate hearing on the matter. Hardeman v. State, 1
S.W.3d 689, 690 (Tex. Crim. App. 1999). The trial court need only afford the defendant
opportunity to present evidence sometime during the proceedings. Pearson v. State, 994
S.W.2d 176, 179 (Tex. Crim. App. 1999); Lopez v. State, 96 S.W.3d at 414.

 Here, the record illustrates that while no separate punishment hearing was
convened, the trial court did inquire about the punishment to be levied. It not only solicited
information from the State (i.e. the recommendation resulting from plea negotiations), but
also entertained the comments of defense counsel. Moreover, the latter's comments
resulted in the trial court reducing the length of the sentence from eight years to seven. 
What other evidence, if any, appellant proposed to offer went unmentioned in his brief. So
too did appellant fail to inform us of how this unknown evidence may have altered the
result. 

 Given that the trial court did solicit and entertain information and argument about
punishment, that the trial court reduced the prison term it initially decided to levy due to
defense counsel's arguments, and that appellant failed to argue or illustrate that he had
other relevant evidence which he was unable to present, we cannot say that he established
the prejudice required by Bone. Indeed, appellant did not even argue that he was
prejudiced by the purported omission. See Ladd v. State, 3 S.W.3d 547, 570 (Tex. Crim.
App. 1999) (holding that because appellant made "no effort to prove the prejudice prong,"
he was not entitled to relief). 

 Accordingly, we overrule the issue and affirm the judgment.


 Brian Quinn 

 Justice

Do not publish.



3d at 639. 
However, the trial court is not required to issue separate findings if the judgment or
revocation order nonetheless discloses the grounds found to exist. See id. at 640
(concluding that handwritten notations on the order sufficed); Renteria v. State, No. 08-02-0329-CR, 2004 Tex. App. Lexis 3608 at *6-7 (Tex. App.-El Paso April 22, 2004, no pet.)
(not designated for publication) (holding it sufficient to specify the grounds in the
judgment).

 Here, the record reflects that the trial court not only orally specified, at the end of the
hearing, the particular conditions justifying revocation but also memorialized those same
conditions in its judgment. Thus, appellant was afforded adequate notice of the grounds
underlying the revocation of his community supervision, and his ability to prosecute an
appeal was not diminished. 

 Issues 2, 3, 4 and 5 - Plea Bargain

 In issues two through five, appellant argues that 1) his plea was involuntary because
the plea bargain was broken and 2) he should be allowed to withdraw the plea or have the
bargain specifically enforced. The argument is premised on his belief that the
modifications to his probation enacted by the trial court after his original conviction changed
the terms of the plea agreement. We overrule the issues.

 In effect, appellant attempts to attack the prior modifications to the conditions of his
probation via this appeal because they allegedly failed to comport with the plea bargain. 
According to the Court of Criminal Appeals, an order modifying the terms or conditions of
probation is not appealable except when revocation is ordered and the validity of the
revocation "depends on the validity of the modification." Davis v. State, 195 S.W.3d 708,
710 (Tex. Crim. App. 2006). In view of Davis, we note that of the three conditions
appellant was found to have violated, only one (i.e. A3) implicates the modifications about
which he complains. The other two were imposed as part of the original probation order
which he did not appeal. Given this and the truism that a trial court need only find one
violation to justify revocation, Moore v. State, 605 S.W.2d 924, 926 (Tex. Crim. App. 1980), 
we cannot say that the decision at bar depended upon the validity of the modifications. 
 Issue 6 - Sufficiency of the Evidence

 Lastly, appellant contends that the evidence does not support his revocation. Again,
we note that appellant pled true to the violation of two conditions and at least one of them
did not implicate the modifications alluded to in issues two through five. And, as previously
mentioned, only one need be found true to justify revocation. Moore v. State, supra. So,
given appellant's plea of true to the violation of at least one legitimate condition, the trial
court's decision to revoke enjoyed evidentiary support.

 Having overruled all of appellant's issues, we affirm the judgment of the trial court.


 Brian Quinn 

 Chief Justice 


Do not publish.