**Opinion issued November 20, 2014**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-13-00590-CR

———————————

**WILLIAM WALTON HARVEY, JR., Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 221st District Court**
**Montgomery County, Texas**
**Trial Court Case No. 05-02-01022-CR**

---

## MEMORANDUM OPINION

In 2005, appellant, William Walton Harvey, Jr., pleaded guilty to the

second-degree felony offense of sexual assault of a child.[1] The trial court deferred

---

[1]     *See* TEX. PENAL CODE ANN. § 22.011(a)(2)(A) (Vernon 2011).

adjudication of guilt and placed appellant on community supervision for seven years. In 2013, the State moved to adjudicate guilt, alleging seven distinct violations of the terms of appellant's community supervision. The trial court found that appellant violated six conditions of his community supervision and assessed punishment at ten years' confinement. In two issues, appellant contends that (1) the State failed to present sufficient evidence to support the adjudication of his guilt; and (2) the trial court erroneously failed to hold a separate punishment hearing after adjudicating his guilt.

We affirm.

## Background

In 2005, pursuant to an agreed recommendation on punishment, appellant pleaded guilty to sexually assaulting N.B.E., his fourteen-year-old daughter. The trial court deferred adjudication of guilt and placed appellant on community supervision for seven years. One of the conditions of appellant's community supervision required him to "participate in and successfully complete the Montgomery County Department of Community Supervision and Corrections' program designed specifically for sex offenders, or other sex offender program designated by the Department's supervising officer." Originally, the trial court set appellant's period of community supervision to expire in October 2012.

In April 2012, the trial court extended appellant's community supervision for an additional three months until January 12, 2013. At this time, the trial court also imposed the following additional condition:

> Community Supervision is hereby extended for three months until January 12, 2013. Supervision Fees for the period of extension are added at a rate of $60.00 per month beginning November 2012, to be paid to the Montgomery County Department of Community Supervision and Corrections.

The trial court handwrote the following on the order: "Defendant must complete [p]olygraph ASAP [and m]ake each counseling session for 6 weeks [without] fail." This order did not include amendments to the language of any existing condition of community supervision.

On January 2, 2013, the State moved to adjudicate guilt, alleging that appellant had violated seven distinct conditions of his community supervision. The State alleged,

> Defendant failed to participate in and successfully complete a counseling program specifically designed for sex offenders, to-wit: the defendant began treatment in October 2005. He will not complete the program before [the] expiration date [of community supervision] due to excessive unexcused absences and being unprepared when he does attend. His therapist recommends at least a six month extension. The defendant has had approximately 60 unexcused absences.

The State also alleged that (1) during a post-polygraph interview, appellant admitted to watching movies depicting nudity and sexually explicit scenes; (2) appellant was deceptive on polygraph questions concerning alcohol use and

3

intentionally being alone, unsupervised, with minors; (3) appellant "failed to work faithfully at suitable employment as far as possible"; (4) appellant failed to do his required sixteen hours of community service per month for numerous months; (5) appellant failed to pay the Sexual Assault Program fee for numerous months; and (6) appellant failed to pay in a timely manner the supervisory fees to the Montgomery County Department of Community Supervision and Corrections for numerous months.

The trial court held a hearing on the State's motion to adjudicate guilt. At the beginning of the hearing, the trial court took judicial notice of the court's file from the previous plea proceedings and then had the following exchange with the State:

> [State]: And, Judge, just for the record, this is a motion to adjudicate. And if he is adjudicated on this and there is a punishment phase, this kind of—some of the testimony kind of runs together. So if we could just kind of do it all at once with his probation officer?
>
> The Court: I am not going to have a bifurcated hearing. So, I mean, since it is a motion to adjudicate, I am going to hear the violations. But I also, obviously, want additional information because it is a motion to adjudicate, as opposed to a motion to revoke.

Defense counsel did not object when the trial court announced its decision to hold only one hearing instead of a separate hearing on punishment should it find the allegations in the motion to adjudicate true.

4

Lisa Foster, with the Montgomery County Community Supervision and Corrections Department, testified that she began supervising appellant in 2005. Foster testified that appellant did not comply with several of the conditions of his community supervision, including missing "numerous sex offender counseling groups." Foster received approximately sixty "no-show" faxes from the counseling center regarding appellant's absences from counseling sessions. Foster testified that the trial court amended the conditions of appellant's community supervision in April 2012 and required appellant to attend "each counseling session for [six] weeks [without] fail." Appellant complied with this additional condition and did not miss another counseling session until November 2012. Foster also testified that, although appellant complied with the new condition, he did not successfully complete the required sex offender counseling program. At the time the State moved to adjudicate guilt, appellant had completed three of the four phases of the counseling program, but he never successfully completed Phase Four.

Foster also testified that appellant occasionally worked as a pipefitter, but when those jobs ended, he did not obtain further employment because, as he told her, "he could not go and just get any job because he had to get a union job." Appellant spent approximately twenty-one months, out of the seven years of his community supervision, unemployed. Foster also testified that appellant did not complete sixteen hours of community service per month and that he often did not

timely pay his sexual assault program fees and his supervisory fees, although she agreed that he had ultimately completed those three requirements by the time of the hearing on the State's motion to adjudicate. Foster additionally testified that appellant admitted, during a post-polygraph interview, that he had watched some movies from the Red Box rental service that depicted female nudity. She stated that this violated one of the rules of appellant's counseling program.

Defense counsel conceded that appellant missed counseling sessions and did not complete the program. Angela Harvey, appellant's wife, also admitted that appellant missed counseling sessions. Defense counsel called several witnesses, including Angela Harvey, N.B.E., the complainant, appellant's sister, and appellant's mother-in-law, all of whom testified that they believed appellant had made progress and should be released from community supervision. N.B.E. testified regarding the circumstances surrounding appellant's conduct leading to his arrest, but she also testified that appellant had changed and that she had forgiven him. Defense counsel also elicited testimony from appellant's sister concerning their difficult upbringing and how appellant had changed in a positive manner since he had begun the court-mandated counseling.

The trial court found six of the seven allegations in the State's motion to adjudicate guilt true, adjudicated appellant guilty of the charged offense of sexual

assault of a child, and assessed punishment at ten years' confinement.[2]  Appellant did not file a motion for new trial.

## Revocation of Community Supervision

In his first issue, appellant contends that the trial court abused its discretion in revoking his community supervision because the State failed to present sufficient evidence to support the trial court's findings that appellant violated six conditions of his community supervision.

### A. *Standard of Review*

A trial court's decision to proceed to an adjudication of guilt and revoke deferred-adjudication community supervision is reviewable in the same manner as a trial court's revocation of ordinary community supervision.  *See* TEX. CODE CRIM. PROC. ANN. art. 42.12 § 5(b) (Vernon Supp. 2014); *Lawrence v. State*, 420 S.W.3d 329, 331 (Tex. App.—Fort Worth 2014, pet. ref'd).  At a hearing to revoke a defendant's community supervision, the State must prove by a preponderance of the evidence that the defendant has violated a condition of his community supervision.  *Rickels v. State*, 202 S.W.3d 759, 763–64 (Tex. Crim. App. 2006) (quoting *Scamardo v. State*, 517 S.W.2d 293, 298 (Tex. Crim. App. 1974)); *Silber*

---

[2]    The trial court did not find the following allegation true:  "On June 17, 2011, Mr. Harvey submitted to a clinical polygraph exam wherein deception was indicated on questions asking about alcohol use and intentionally being alone, unsupervised with any minors.  The defendant did not make any admissions during the post-test interview."

*v. State*, 371 S.W.3d 605, 611 (Tex. App.—Houston [1st Dist.] 2012, no pet.). "[A]n order revoking probation must be supported by a preponderance of the evidence; in other words, that greater weight of the credible evidence which would create a reasonable belief that the defendant has violated a condition of his probation." *Rickels*, 202 S.W.3d at 763–64 (quoting *Scamardo*, 517 S.W.2d at 298); *Silber*, 371 S.W.3d at 611. Our appellate review of an order revoking a defendant's community supervision is limited to determining whether the trial court abused its discretion in ruling that the defendant violated the terms of his community supervision. *Rickels*, 202 S.W.3d at 763 (quoting *Cardona v. State*, 665 S.W.2d 492, 493 (Tex. Crim. App. 1984)); *Duncan v. State*, 321 S.W.3d 53, 56–57 (Tex. App.—Houston [1st Dist.] 2010, pet. ref'd). We examine the evidence in the light most favorable to the trial court's order. *Duncan*, 321 S.W.3d at 57; *Canseco v. State*, 199 S.W.3d 437, 439 (Tex. App.—Houston [1st Dist.] 2006, pet. ref'd).

A finding of a single violation of the terms and conditions of community supervision is sufficient to support revocation. *Silber*, 371 S.W.3d at 611; *Joseph v. State*, 3 S.W.3d 627, 640 (Tex. App.—Houston [14th Dist.] 1999, no pet.); *see also Moore v. State*, 605 S.W.2d 924, 926 (Tex. Crim. App. 1980) ("We need not address appellant's other contentions since one sufficient ground for revocation will support the court's order to revoke probation."). Thus, to prevail on appeal,

the defendant must successfully challenge all of the findings that support the revocation order. *Silber*, 371 S.W.3d at 611; *Joseph*, 3 S.W.3d at 640 (citing *Jones v. State*, 571 S.W.2d 191, 193–94 (Tex. Crim. App. 1978)); *see also Baxter v. State*, 936 S.W.2d 469, 472 (Tex. App.—Fort Worth 1996, pet. dism'd) (holding that because appellant did not challenge second ground for revocation, sufficient evidence supported revocation order).

## B. Failure to Complete Sex Offender Counseling

In its motion to adjudicate guilt, the State alleged that appellant failed to complete the required sex-offender counseling program. Lisa Foster, appellant's community supervision supervisor, testified that appellant missed approximately sixty counseling sessions, that he completed only three out of four phases of the counseling program, and that, therefore, he did not successfully complete the program. Defense counsel conceded at the hearing on the State's motion to adjudicate guilt that appellant missed numerous counseling sessions and that he did not complete the program.

Appellant argues on appeal that the April 2012 order adding an additional community supervision condition changed the counseling requirement such that appellant only had to attend the next six consecutive counseling sessions—which it is undisputed that he did—and that, after he satisfied the amended condition, he no

longer had to complete the counseling program, which had been required by the original community supervision conditions. We disagree.

The April 2012 order included the following new condition:

Community Supervision is hereby extended for three months until January 12, 2013. Supervision Fees for the period of extension are added at the rate of $60.00 per month beginning November 2012, to be paid to the Montgomery County Department of Community Supervision and Corrections.

The trial court handwrote the following under this new condition: "Defendant must complete [p]olygraph ASAP [and m]ake each counseling session for 6 weeks [without] fail." The language of the amendment does not indicate that the trial court altered or superseded any previously existing condition. The order does not provide that if appellant attended the next six consecutive counseling sessions his counseling obligation would be complete, even if he had not otherwise completed all four phases of the counseling program. Instead, the order merely states that he must "[m]ake each counseling session for [six] weeks [without] fail."

We interpret this language as a further condition that appellant was required to meet in addition to his existing requirement of successfully completing the sex offender counseling program. The plain language of the April 2012 order does not provide that attending the next six counseling sessions would release appellant

10

from his responsibility to complete the counseling program.[3] The record contains evidence that appellant complied with the amended condition by attending the next six counseling sessions; indeed, he attended the next six months' worth of sessions before he next missed a meeting in November 2012. However, the record also includes testimony that appellant did not successfully complete all phases of the program.

When viewing the evidence in the light most favorable to the trial court's order, as we must when reviewing a trial court's decision to revoke community supervision, we conclude that the State has proved by a preponderance of the evidence that appellant violated the condition of his community supervision that required him to successfully complete a sex-offender counseling program. *See Rickels*, 202 S.W.3d at 763–64 (holding that State must prove, by preponderance of evidence, that defendant violated condition of community supervision); *Duncan*, 321 S.W.3d at 57 (holding that when reviewing trial court's order revoking community supervision we view evidence in light most favorable to order). Because a finding of a single violation is sufficient to support revocation of community supervision, we need not address whether the State proved by a preponderance of the evidence that appellant violated the other conditions of

---

[3] We note that the April 2012 order required appellant to attend the next six consecutive counseling sessions and that appellant not only did so but also continued attending sessions into November 2012, indicating that appellant viewed his counseling obligation as ongoing until he completed the program.

community supervision specifically enumerated in the State's motion to adjudicate guilt. *See Moore*, 605 S.W.2d at 926; *Silber*, 371 S.W.3d at 611; *Joseph*, 3 S.W.3d at 640. We therefore hold that the trial court did not abuse its discretion in revoking appellant's community supervision. *See Rickels*, 202 S.W.3d at 763; *Duncan*, 321 S.W.3d at 56–57.

We overrule appellant's first issue.

### Failure to Hold Separate Punishment Hearing

In his second issue, appellant contends that the trial court erroneously failed to hold a separate punishment hearing after adjudicating him guilty of the charged offense.

The Court of Criminal Appeals has held that a defendant "is *entitled* to a punishment hearing after the adjudication of guilt, and the trial judge must allow the accused the opportunity to present evidence." *Vidaurri v. State*, 49 S.W.3d 880, 885 (Tex. Crim. App. 2001) (quoting *Issa v. State*, 826 S.W.2d 159, 161 (Tex. Crim. App. 1992) (emphasis in original)); *see also* TEX. CODE CRIM. PROC. ANN. art. 42.12, § 5(b) ("After an adjudication of guilt, all proceedings, including assessment of punishment . . . continue as if the adjudication of guilt had not been deferred."). Although a defendant is entitled to a separate punishment hearing after an adjudication of guilt, this is a statutory right that can be waived. *See Vidaurri*, 49 S.W.3d at 886 (citing *Issa*, 826 S.W.2d at 161). The trial court should

be given the chance to allow the defendant to present punishment evidence or to make a ruling denying the defendant such an opportunity. *See id.*; *Pearson v. State*, 994 S.W.2d 176, 179 (Tex. Crim. App. 1999) ("Appellant had the *opportunity* to present evidence *during the proceedings*. That is all that is required.") (emphasis in original). If the trial court denies the defendant an opportunity to present punishment evidence, the defendant should bring the issue to the attention of the trial court via a motion for new trial to preserve error. *Vidaurri*, 49 S.W.3d at 886; *Lopez v. State*, 96 S.W.3d 406, 414 (Tex. App.—Austin 2002, pet. ref'd) ("In order to preserve error for review as to the lack of a punishment hearing, a defendant must timely request such a hearing, object to the lack of such a hearing, or file a timely motion for new trial based on the omission.").

Here, before the trial court began hearing testimony on the State's motion to adjudicate guilt, the State and the trial court had the following exchange:

> [State]: And, Judge, just for the record, this is a motion to adjudicate. And if he is adjudicated on this and there is a punishment phase, this kind of—some of the testimony kind of runs together. So if we could just kind of do it all at once with his probation officer?
>
> The Court: I am not going to have a bifurcated hearing. So, I mean, since it is a motion to adjudicate, I am going to hear the violations. But I also, obviously, want additional information because it is a motion to adjudicate, as opposed to a motion to revoke.

Defense counsel did not object at this point, or at any other point during the hearing, to the trial court's decision not to hold a separate punishment hearing. Defense counsel did not move for a new trial. Furthermore, during the hearing, defense counsel called several witnesses, including appellant's wife, his daughter, the complainant, his sister, and his mother-in-law, all of whom provided mitigating evidence and expressed their desire that the trial court release appellant from community supervision.

Appellant argues on appeal that his trial counsel did not have an opportunity to object during the hearing to the trial court's decision not to hold a separate punishment hearing, and, thus, he did not fail to preserve error. The Court of Criminal Appeals has held, however, that if the defendant does not have an opportunity to object to the failure to hold a separate punishment hearing until after the trial court takes action, the defendant must raise his complaint in a motion for new trial to preserve error. *See Pearson*, 994 S.W.2d at 179; *see also Vidaurri*, 49 S.W.3d at 886 ("Assuming appellant was, as he alleges, prevented from [raising the lack of a separate punishment hearing issue] by request or objection, he should have brought the issue to the attention of the trial court with a motion for new trial."); *Lopez*, 96 S.W.3d at 414 ("The use of a motion for new trial to preserve error is apparently limited to the rare circumstances of *Issa*—when there is no opportunity to object to the lack of a hearing.").

Here, even if appellant did not have an opportunity to object during the hearing to the trial court's decision not to hold a separate punishment hearing, a matter we need not decide, appellant was still required to raise the complaint in a motion for new trial to preserve error. *See Lopez*, 96 S.W.3d at 414 ("The issue cannot be raised for the first time on appeal."). Because appellant failed to request a separate punishment hearing, object to the trial court's decision not to hold a separate punishment hearing, or raise the issue in a motion for new trial, we hold that appellant failed to preserve this complaint for appellate review. *See Vidaurri*, 49 S.W.3d at 886; *Pearson*, 994 S.W.2d at 179; *Lopez*, 96 S.W.3d at 414; *Baxter*, 936 S.W.2d at 472.

We overrule appellant's second issue.

## Conclusion

We affirm the judgment of the trial court.

Evelyn V. Keyes
Justice

Panel consists of Chief Justice Radack and Justices Jennings and Keyes.

Do not publish. TEX. R. APP. P. 47.2(b).

15